63 So.2d 906 (1953)
McCORQUODALE et al.
v.
KEYTON et al.
Supreme Court of Florida, Division B.
March 31, 1953.
*907 F.S. Browne, Panama City, for M.E. McCorquodale and Mary Emma McCorquodale.
Liddon, Isler & Welch, Panama City, for J.M. Webb.
J.M. & H.P. Sapp, Panama City, for appellees.
DREW, Justice.
The title to fractional NE 1/4 of Section 9, Township 3 South Range 17 West, was acquired by M.E. McCorquodale in 1927, The south boundary of this property is the Gulf of Mexico.
In 1935 McCorquodale and wife platted the land. On the plat there appeared the following dedication, duly acknowledged:
 "State of Florida
 County of Bay.
Know All Men By These Presents That M.E. McCorquodale the owner of fractional Northeast Quarter of Section Nine, Township Three South, Range Seventeen West, Bay County, Florida, hereby make and adopt this plat as a true and correct plat of said lands and hereby dedicate for public use and public ways, to be used as such, all parcels and parts of land indicated on said plat as streets, and also dedicate that parcel and part of said land lying between the Gulf Coast Highway and the Gulf of Mexico as `Sunnyside Park' for use of property owners of said plat.
In Witness Whereof the said M.E. McCorquodale has caused these presents to be executed and has affirmed his signature hereto, on this 3rd day of May, A.D. 1935.
 Witnesses: Owners
 S/ J.O. Devone S/ M.E. McCorquodale (Seal)
 S/ S. Humphries S/ Mary Emma McCorquodale (Seal)"
The plat was presented to, approved and accepted by the Board of County Commissioners of Bay County June 3, 1935.
Some time after the same was platted and subdivided and lots sold to various purchasers according to the plat, a small (12'x 16') building was constructed by the McCorquodales on the land lying between the Gulf Coast Highway (known as U.S. Highway 98 and sometimes referred to in the record as such) and the Gulf of Mexico (the rights of the public in and to the beach between high and low water is not involved in this case), where principally sandwiches and cold drinks were sold. They operated the business for a number of years without objection from the lot owners in the subdivision and then sold the building to J.M. Webb, who was operating said business when this suit was instituted July 27th, 1951, by Grover Keyton and C.P. Hayes, owners of lots in the subdivision. The complaint charges that the use of the building by Webb for his private business purposes *908 deprives the lot owners in said sub-division of the common use and enjoyment as a park of all that tract and area dedicated as Sunnyside Park and boldly marked on the plat as such.
The complaint concluded with a prayer to enjoin McCorquodale and wife from granting or conveying to J.M. Webb or any other person any portion of the land between the highway and the Gulf or from contracting to sell and deliver possession to any part of said area to any person, excluding the plaintiffs and other owners of land within the subdivision and the public, from the common use and enjoyment of said land. As to the defendant Webb, plaintiffs asked that he be enjoined from the further exclusive possession of that part held by him and that he  Webb  be required to permit the common use and enjoyment of said property by plaintiff and other owners in said subdivision.
Webb, in his answer, denied that the Board of County Commissioners had accepted the lands as a public park and averred said lands were for the use of the property owners of said plat and that none of the owners of lands in said subdivision were being deprived of any portion of the park area as dedicated except a space of about 12 x 16 feet in the area of 3000 x 200 feet, south of the highway, and that his use of said small tract was not inconsistent with the rights of the lot owners.
In their answer the McCorquodales allege that the effect of the dedication was to create a private easement in the owners of the lots in the subdivision and that they hold full legal title to the dedicated lands subject to the easement and have a right to deal with the land in any manner not unreasonably interfering with the enjoyment of said easement.
Testimony was taken and on final hearing the Chancellor below entered the following final decree.
"This cause coming on to be heard by the Court on final hearing and after receiving and hearing the evidence and testimony for the respective parties and the argument of the attorneys for the respective parties, and after due consideration of the cause, the Court being advised of its opinion finds as follows:
"That the equities in the case are in favor of the plaintiffs, Grover Kayton and C.P. Hayes and they are the owners in fee simple of property in Sunnyside Subdivision in Fractional Section 9, Township 3, South, Range 17 West; that Grover Keyton is the owner in fee simple of lots 1 and 2 in Block 1, according to the sub-division and plat as amended by Sunnyside on the Gulf of Mexico in the NE 1/4 of Section 8, Township 3 South, Range 17 West, and that C.P. Hayes is the owner in fee simple of Lot 4, Block 4, according to the subdivision and plat of Sunnyside on the Gulf.
"That the defendant, M.E. McCorquodale, originally owned in fee simple all of said fractional Section 9, Township 3 South, Range 17 West, and as such owner subdivided and platted fractional NE 1/4 of said Section 9 and dedicated as a park for the use of the lot owners in the subdivision of Sunnyside on the Gulf of Mexico, that part and portion of Fractional NE 1/4 of said Section 9, Township 3 South, Range 17 West lying between the Gulf of Mexico and U.S. Highway No. 98, and that the plaintiffs as owners of lots in said subdivision were and are vested with the right to use said described area jointly and in common with all other lot owners in said subdivision.
"That the dedication of Sunnyside Park by M.E. McCorquodale and Mary Emma McCorquodale in the following language: `And also dedicate that parcel and part of said land lying between Gulf Coast Highway and the Gulf of Mexico as Sunnyside Park for the use of property owners of said plat' constituted the granting of an easement only, and vested all property owners of said plat with an easement for the common use of said parcel and part of land as a private park.
"That the defendant, M.E. McCorquodale, and the defendant J.M. Webb, prior to the institution of this *909 suit, had withdrawn and had been withholding from the plaintiffs and other lot owners in the said subdivision, the joint and common use as a park of a small undescribed portion of said park area, which said defendants have no right to do, and that the defendant, M.E. McCorquodale has no right or authority to sell and convey the fee simple title to any part or portion of said area.
"It is therefore, Ordered, Adjudged and Decreed, and it is the judgment of the Court, that the defendant, M.E. McCorquodale be, and he is hereby, enjoined from conveying and deeding to J.M. Webb, or any other party, the fee simple title to all or any part of that part and portion of fractional NE 1/4 of Section 9, Township 3 South, Range 17 West lying between the Gulf of Mexico and U.S. Highway 98, which has been dedicated as a park for the use of the lot owners in said subdivision, and said defendant is permanently enjoined from conveying and deeding any right, title and interest in and to any part or portion of said park area, except it be conveyed subject to the rights of the owners of lots in said subdivision to use the same as a park and that the defendant, J.M. Webb, be and he is hereby, permanently enjoined from withholding any part or portion of said park area from the joint and common use of the plaintiffs and other owners of lots in said Sunnyside subdivision.
"It is further Ordered, Adjudged and Decreed, and it is the judgment of the Court, that the dedication of Sunnyside Park by the platters of fractional Northeast quarter of Section Nine, Township Three, South, Range seventeen west, is not a dedication to the `Public' but created and granted to the then and all subsequent property owners of the plat, including the plaintiffs, Grover Keyton and C.P. Hayes, an easement and right, appurtenant to the property of the plat, to use said park area in common with all other such property owners as a private park, for the use and benefit of all of the property owners, owning and possessing lands within said sub-division.
"It is further Ordered and Adjudged, that the plaintiffs, Grover Keyton and C.P. Hayes, have and recover of and from the defendants, M.E. McCorquodale and J.M. Webb, their Court costs herein expended and taxed by the Court in the sum of $62.25 to be levied of goods and chattels, lands and tenements of said defendants and to the plaintiffs rendered, and that the plaintiffs have execution therefor."
From the foregoing decree both Webb and McCorquodale and wife have appealed. Webb complains that the Court erred in not decreeing that the dedication heretofore set forth was a nullity because it purported to create private rights in a limited group by dedication, and that  even if the Court's decree holding the purported dedication vested in the owners of lots in the sub-division an easement for common use, the use of a parcel 12'x 16' for the purpose and under the condition shown on the record, was not inconsistent therewith and had caused no damage to the other lot owners. He also complains that the Court should not have assessed the costs against him.
McCorquodale and wife present three questions for our consideration. The first question is whether the lower Court abused its discretion in enjoining them from conveying the fee simple title to the lands when the decree itself held they did not own the fee simple title. Second, that the Court erred in enjoining the conveyance of said park area in the absence of proof of an attempt or threat to do so; and third, that the assessment of costs against them was not proper when the record fails to justify any decree against them.
The contention of the appellants that the declaration is a nullity because it attempted to create private rights in a limited group by dedication has no application here. Considered, however, with the plat itself, upon which the land in question was clearly marked "Sunnyside Park", the evidence of the plaintiffs that they and others bought their lots relying upon said land being a park and the lot owners having *910 the unrestricted use thereof, together with the fact  of which this Court takes judicial knowledge  that access to and use of the beach is an extremely valuable right to the owners of land such as is involved here, the effect  by whatever name it may be called  was to forever bar the developer from denying the owners that which he led them to believe they had.
While the cases of Florida East Coast R. Co. v. Worley, 49 Fla. 297, 38 So. 618; City of Miami v. Florida East Coast R. Co., 79 Fla. 539, 84 So. 726, and Boothby v. Gulf Properties of Alabama, Fla., 40 So.2d 117, are not directly in point, the reasoning in those cases clearly supports the decree of the Chancellor below. In this connection it is interesting to note that in the Annotation in 7 A.L.R.2d commencing on page 648, we find a Section labeled "Theory that private right arises from and is blended with public right." In this Section we find the following observation:
"Some courts have given effect to the broad view that a grantee to whom a conveyance is made by reference to a map or plat upon which a park or other open area is laid out acquires a private right of the user of, or easement in, such designated area by blending public rights resulting from dedication with private rights created by estoppel, implied grant, or implied covenant.
"Florida  Florida East Coast R. Co. v. Worley (1905) 49 Fla. 297, 38 So. 618; City of Miami v. Florida East Coast R. Co. (1920) 79 Fla. 539, 84 So. 726 (dictum recognizing rule). And see Boothby v. Gulf Properties of Alabama, Fla., (1949) 40 So.2d 117."
Whenever the owner of a tract of land subdivides the same into lots and blocks, lays off streets and other public ways and designates portions of said lands to be parks playgrounds or similar facilities or uses similar words calculated to encourage prospective purchasers to buy said lots, and actually sells lots with reference to the plat, he becomes bound to his grantees by the plat and the representations thereon. As the maker of the plat and the one who selects the words used thereon it will be construed against him. Common honesty requires that he perform that which at the time of conveyance he represented he would perform.
We approve the following language from the case of Lennig v. Ocean City Association, 41 N.J. Eq. 606, 7 A. 491, 493, 56 Am. Rep. 16, in speaking in this principle:
"From this doctrine, it, of course, follows that such distinct and independent private rights in other lands of the grantor than those granted may be acquired, by implied covenant, as appurtenant to the premises granted, although they are not of such a nature as to give rise to public rights by dedication. The object of the principle is, not to create public rights, but to secure to persons purchasing lots under such circumstances those benefits, the promise of which, it is reasonable to infer, has induced them to buy portions of a tract laid out on the plan indicated."
See also the cases annotated on pages 654 to 659, Vol. 7 A.L.R.2d, under subtitle "Theory that private right exists independently of public rights."
To summarize, we hold that when McCorquodale and wife, and Mary Emma McCorquodale, platted the land as they did, recorded the plat with the dedication thereon and the symbols "Sunnyside Park" on the land in question and sold lots according to the plat, the purchasers acquired, by implied covenant, a private easement in said Sunnyside Park as appurtenant to the premises granted and conveyed to them and that they thus became bound to the grantees not to use the land designated "Sunnyside Park" other than as a park.
The argument that Webb's use of the small (12'x 16') tract is not inconsistent with the use of said land as a park is wholly without merit. The easement of the purchasers extends to all of the park, not all except the parcel occupied by Webb. If a person's rights are invaded  as they were here  the degree of such invasion is unimportant.
*911 We construe the lower court's decree to enjoin McCorquodale from conveying the fee simple title to any of said park lands "except it be conveyed subject to the rights of the owners of lots in said subdivision to use the same as a park." As thus construed, we find it to be free from error so far as the McCorquodales are concerned.
We find no abuse of discretion in the manner in which costs were taxed against Webb and McCorquodale.
Affirmed.
ROBERTS, C.J., and THOMAS and HOBSON, JJ., concur.