SHANNON, Judge.
The appellants, defendants below, filed this their interlocutory appeal from the chancellor’s denial of their motion for summary judgment. The point argued on appeal is whether the chancellor erred in denying defendants’ motion for summary judgment when the facts are undisputed that defendant neither rejected nor refused to permit plaintiffs the use of a right-of-way for purposes of ingress and egress to their property.
On May 17, 1958, plaintiffs were conveyed a certain piece of real estate. On or about November 25, 1958, they filed their amended complaint in which, among other things, they charged and prayed the court: “That plaintiffs have an easement of necessity across the lands of defendants, because the tract of land now owned by plaintiffs is completely surrounded by other lands and does not touch or border on any public road at any place.” Sufficient allegations are contained in the amended complaint to make this case one wherein the court below would have jurisdiction. The plaintiffs had filed their amended complaint, and the defendants had taken the deposition of one of the plaintiffs at the time the defendants filed their motion for summary judgment. Included in the deposition of Malcolm W. Prasek is the following:
“Q. Well, you are using a trail across Mr. Bradshaw’s property, to which you can get to your property now, and you have been using it ever since you have owned this tract? A. You can get to it most of the time.
"Q. When can’t you get to it? A. Whenever it is real bad, wet weather. One time the bridge was out and Mr. Bradshaw was building a bridge across the slough there; and one of his semi-trucks was loaded with cattle, caved it in and stayed out about three months.
“Q. Well, is the right-of-way, which you are asking for in this suit, the same as the trail that you have been using ? A. I will say practically" it is almost the same. It is just on a. little higher ground, where it would be-better suitable to make a road.”
sfs jfc sfc sfi ífí sj:
“Q. How many times has this bridge-been out of commission that you spoke-of, to your knowledge? A. To my knowledge, just this once this year.
“Q. And how long was that out of' commission ? A. Approximately three months.
“Q. Did you request Mr. Bradshaw tofixit? A. Yes.
“Q. And he refused to do so at that time? A. Yes.
“Q. How did you get into your property at that time ? A. • Taking my shoes off and wading in the slough.
“Q. These times that the road was torn up, you say due to heavy equipment and machinery, were you able to get in your property during those-times ? A. No, sir; had to leave the-car out on the Kirby Smith Road.
“Q. In other words, he had verbally-objected or refused to give you a right-of-way or easement to cross his property, is that correct? A. Yes, sir-
******
“Q. Now, do you have any improvements, at all on your property? A. Yes, sir; bulldozed and cleared, and getting ready to build, if we can ever get to it.”
Section 704.01(2), Florida Statutes, F.S.A.», provides in part:
«* * * 'j'hg owner [0f hemmed-in lands] * * * lawfully may use and maintain an easement for persons, vehicles, stock and electricity and telephone service over and upon the lands which lie between the said shut-off or hemmed-in lands and such public or private road by means of the nearest *823 practical route, considering the use to which said lands are being put; *
Section 704.04, Florida Statutes, F.S.A., provides in part:
“When the owner or owners of such lands across which a statutory way of necessity under § 704.01(2) is claimed * * * objects or refuses to permit the use of such way under the conditions set forth herein, * * * either party * * * may file suit in the circuit court of the county wherein the land is located in order to determine if the claim for said easement exists, and the amount of compensation to which said party is entitled for use of such easement. * *
The chancellor, in denying defendants’ motion for summary judgment on the facts as alleged in their amended complaint and as shown by the deposition, properly held that there was a genuine issue as to a material fact and that defendants were not entitled to judgment as a matter of law. The defendants take the position that they have never refused or objected to plaintiff’s right-of-way over their land, but from a reading of the entire deposition it appears that the plaintiffs were restricted by the defendants to a trail that led across a slough which had been impassable during approximately three months when, by shifting the roadway a very few feet to higher ground, the plaintiffs would have a proper means of ingress and egress.
We think that the plaintiffs’ amended complaint and the deposition present a genuine issue as to plaintiffs’ right to the relief prayed for, and that the chancellor below acted correctly when he denied the defendants’ motion for summary judgment.
Affirmed.
KANNER, Acting C. J., and SEBRING, H. L., Associate Judge, concur.