WARREN, LAMAR, Associate Judge.
This appeal concerns a subdivision, laid out some years age, situate on a portion of Boca Ciega Bay.
The plat, with the notation on its face, “Filed, July Sth 1910”, reflects various streets or roads, and an irregular area paralleling the shore, curving north and south between the water and the westerly lots, designated as “Beach Parkway.” Some conveyances have been made with reference to the plat.
Defendants (appellees) as owners of all of the subdivision, except plaintiff’s four lots and three lots held by an intervenor and located at the southern tip of the subdivision, petitioned the county to vacate the plat and the streets and alleys shown thereon, insofar as their holdings were concerned. The petition was granted, and defendants replatted their land as acreage, the effect of which was to eliminate “Beach Parkway” westerly of defendants’ land, but not westerly- of the lots of plaintiff, to reduce from thirty to fifteen feet in width a street running partially across the north boundary of one of plaintiff’s lots, and to do away with all the other platted streets.
Plaintiff (appellant) alleged that the chief value of its lots was their location with reference to the water, including the dedication of “Beach Parkway” as a waterfront drive, and that the acts of defendants destroyed one of its means of ingress and egress, took away streets and alleys reasonably beneficial to plaintiff, and materially reduced the value of each and all of the lots. It was further alleged by an amended complaint that the parkway was of importance and value to the lots in the sub *454 division, not only because of its relationship to the lots, but because it was a necessary link in a described proposed waterfront drive. Plaintiff's prayers were for an injunction against the closing of “Beach Parkway” and other streets, rescission of the county resolution granting the vacation of the plat, restoration of the status quo, for a determination of its private rights in the parkway aund the short vacated street, and other relief. The answer of the inter-venor was in a similar vein.
The cause became at issue upon defendants’ answer, wherein they denied that the area had always been kept open and unobstructed, alleging that in 1953 they had placed their lands under fence and that when they bought the land in that year it was entirely wild, unimproved and covered with palmettos and mangrove swamp, that none of the so-called streets, alleys or roadways, as indicated on the plat, had ever been paved, surfaced, improved or used, either as public passageways or for private passageways, as the entire area was impassable, that at the time defendants purchased the property there were no buildings constructed on any of the lots and none had been constructed to the date of the pleadings, that since purchasing the land they had cleared it for cattle grazing, that their fence enclosed their lands and ran all the way to the water; they denied that “Beach Parkway” had been dedicated, and averred that both plaintiff and intervenor had direct and adequate access to their property and to the water; averred that the resolution adopted by the county had the effect of vacating all streets and alleys which had not become highways necessary for use by the travelling public, none of which fell within that category; and they raised the defense of laches and estoppel, alleging that a former owner of a half interest in plaintiff’s lots received actual notice of the proposed vacation and made no complaint either to the county or to the defendants. Defendants admitted intervenor’s ownership of three lots, but denied the other averments of his answer.
The chancellor found for the defendants and entered a decree adjudging that neither plaintiff nor intervenor had any private rights in the parkway or any other street or alley areas of the subdivision of the land involved; that vacation of the part of the subdivision was valid; that the prayer for injunctive relief should be denied; and that the complaint and amended complaint should be dismissed.
The theory of plaintiff’s case is bottomed on the decisions of Powers v. Scobie, Fla. 1952, 60 So.2d 738; McCorquodale v. Keyton, Fla.1953, 63 So.2d 906; Burnham v. Davis Islands, Incorporated, Fla.1956, 87 So.2d 97; and Mumaw v. Roberson, Fla. 1952, 60 So.2d 741. In the Powers case, 60 So.2d at page 740, it was said:
“It is our view that the 'intermediate’ view, referred to either as the 'beneficial’ or as the ‘complete enjoyment’ rule, by the annotator in 7 A.L.R.2d at page 633, should be adopted in this jurisdiction. This rule is ‘that the extent of the grantee’s private right of user in streets and alleys shown on a map or plat by reference to which his conveyance was made is limited to such streets and alleys as are reasonably and materially beneficial to the grantee and of which the deprivation would reduce the value of his lot.’ 7 A.L.R.2d, Sec. 7, page 633. Adoption of this rule means, in effect, that each case must be determined on its own facts, but that, of course, the complaining party must to prevail show damage or detriment to his property.”
The court below apparently tried and decided the cause upon a consideration and application of the above principle. As mentioned by plaintiff in its brief, the controlling question is whether the evidence established damage or detriment to plaintiff's property as a result of the vacation of the original plat and the replatting of the property owned by defendants.
From a careful examination of the record, the well-prepared briefs and the au *455 thorities therein cited, it is our conclusion that the chancellor should be affirmed.
Recalling the statement in Powers v. Scobie, supra, that “adoption of this rule means, in effect, that each case must be determined on its own facts, but that, of course, the complaining party must to prevail show damage or detriment to his property,” there was ample evidence for the court to conclude, as it did, that none of the parkway and streets and alleys vacated was reasonably and materially beneficial to plaintiff or intervenor, or that the deprivation and re-plat of them reduced the value of or showed damage or detriment to the lots owned by plaintiff and intervenor.
The original plat was vacated, essentially, at a line just north of plaintiff’s and inter-venor’s lots. After the vacation, these parties were left with direct and adequate access to their lots by way of a county road ; furthermore, that portion of the parkway between plaintiff’s lots and the water was not disturbed. There was conflict, among others, in the evidence as to the value of plaintiff’s four lots before and after the vacation of the plat, and as to whether the parkway was reasonably and materially beneficial to plaintiff. These were resolved by the chancellor, and this court, from its examination of the record, the briefs and the authorities, is unable to say that he erred. In passing, it is commented that in the values testified there was a wide divergence of opinion; that as to the parkway there was testimony showing it to be low and partially under water and associated with considerable mangrove growth; and that defendants had quit-claimed to the county, with a reverter clause, a right of way for the construction of a road somewhat easterly from the former parkway.
In view of the holding above it is not necessary to discuss other questions posed by the parties.
Affirmed.
ALLEN, C. J., and KANNER, J., concur.