SHANNON, Judge.
Appellants, plaintiffs below, filed their amended complaint against Carl R. Julian and Louise Julian, his wife, and B. E. Meadows, doing business as Meadows & Julian; Julian Construction Company, a Florida corporation; and George F. Brass *621 and William G. Haynie, individually and as co-partners, doing business as Brass & Haynie, Realtors, seeking a restraining order and other equitable relief to prevent the obstruction of a roadway. It was the theory of the plaintiffs that they had a private easement in the roadway involved. The lower court, however, dismissed the complaint and entered final judgment against the plaintiffs.
For the purpose of ascertaining what rights, if any, plaintiffs have, we are setting out below a rough diagram, not made by an engineer, of the property involved:

In their amended complaint plaintiffs allege the following: that during the summer of 1958 each of the plaintiffs separately purchased a parcel of real estate from the firm of Julian and Meadows, through the defendant realtors, Brass and Haynie; that although the land was conveyed by Carl R. Julian and Louise Julian by warranty deed, the owners had no personal contact with the plaintiffs prior to sale; that each of said purchasers wanted only a “corner” lot, and they so informed the realtors; that when the plaintiffs inspected the lots thej could see a roadway to the north, giving *622 them a corner; that the realtors advised the plaintiffs that this was a county road and that it would be maintained and improved by Orange County; that the plaintiffs acted in reliance and purchased their lots as corner lots; that the plaintiffs built houses on the lots and resided thereon, and that they used the roadway freely. The plaintiffs allege further that the roadway in controversy is now claimed to be owned by the Julian Construction Company, a Florida corporation, and at the time the amended complaint was filed this corporation had commenced building a new subdivision which would extend to the boundaries of the plaintiffs’ lots, and which would destroy this roadway and destroy the “corner” aspect of the plaintiffs’ lots. The complaint also sets forth that the Julian Construction Company has as its president Carl R. Julian and as1 secretary-treasurer Louise Julian, and that these defendants own a majority of the shares of stock of the defendant corporation. It is the theory of the plaintiffs that Carl R. Julian and Louise Julian and B. E. Meadows were chargeable with notice of the representations made by their agents, the realtors, and that the Julian Construction Company is also chargeable with notice of these representations, since the Julians are both directors and majority stockholders therein. Under these allegations the appellants claim an implied easement both in law. and in fact in the said roadway.
Essentially, easements are of three types. They are created by express grant, by prescription, or by implication. This is recognized generally in the United States and also in Florida. See Burdine v. Sewell, 1926, 92 Fla. 375, 109 So. 648. We will eliminate easement by express grant and by prescription, as neither is relied on or can be relied on in the present case. So, if the plaintiffs have an easement it is by implication.
Florida has ruled that easements by implication may come about by way of necessity for ingress and egress. See Bradshaw v. Prasek, Fla.App.1959, 114 So.2d 821. Since there is no allegation of necessity, we cannot uphold the complaint on this ground. There are also numerous Florida cases treating roadways that are shown on plats of subdivisions. E. G., McCorquodale v. Keyton, Fla.1953, 63 So. 2d 906; Powers v. Scobie, Fla.1952, 60 So. 2d 738; Smith v. Horn, 1915, 70 Fla. 484, 70 So. 435. However, we are not concerned with these as the roadway in this case does not appear on the plats of the subdivisions into which the plaintiffs bought. Nor is this roadway a recorded boundary of either lot, as in Brooks-Garrison Hotel Corp. v. Sara Inv. Co., Fla. 1952, 61 So.2d 913.
In studying the various methods, if any, plaintiffs could sustain their amended complaint we have necessarily considered the doctrine of implied grant. This is a subhead under implied easements which is used considerably in some jurisdictions, but which, to date, has only been discussed in Florida. The doctrine is well stated in Thompson on Real Property, § 392 as:
“The rule is general that, where an owner conveys part of his land, he impliedly grants all those apparent or visible easements upon the part retained, which were at the time used by the grantor for the benefit of the part conveyed and -which are reasonably necessary for the use of that part. Thus, where an owner of two adjoining residences on the same tract of land sold one of them, it was held that the purchaser took the part sold with all the benefits and burdens appearing at the time of the sale to belong as between it and the land retained. * * The reason, of the rule, in case of an easement implied on account of strict necessity, is that the grantor shall not be permitted to derogate from his grant by denying to the grantee the means by which it is to be enjoyed.”
*623 In discussing this doctrine, Thompson points out that there must have been a separation of title and a use, before separation took place, which continued long enough to show that the use was meant to be permanent. The implied easement is gathered from the circumstances surrounding the conveyance and this is taken to mean that whatever is obviously in use as an incident or an appurtenance passes by implication when the land is sold. A presumption exists that the parties contracted with reference to the visual condition of the property at the time of sale, but this presumption may be rebutted by showing actual knowledge to the contrary. Thompson on Real Property, § 390.
However, an easement of implied grant is not made out in this complaint, for there is no allegation of unity of title. The plats of the subdivisions in which the plaintiffs took title show the area to the north but do not show who owned this area. Nor is there any allegation to this effect in the complaint. True, it is alleged that the Julian Construction Company now owns or claims to own this area, but the amended complaint is silent as to the ownership of the land at the time that plaintiffs purchased their lots.
The importance of an allegation concerning unity of title is basic. An implied easement cannot exist where neither the party claiming it, nor the owner of the land over which it is claimed, nor anyone under whom they or either of them claim, was ever seised of both tracts of land. Such easements are created only when land is broken up, and failure to allege that both estates were formerly one is a fatal omission.
From our study of this case, as well as the many other cases in this and other jurisdictions, we feel that the chancellor below was correct in his ruling.
Affirmed.
ALLEN, C. J., and WILLIAMS, VOLIE, Associate Judge, concur.