### 8778 BEVERLY CORPORATION v. FECHT, et al.
No. 62-C-4886.

Circuit Court, Dade County.
January 28, 1963.

Carl K. Hoffmann of Dixon, DeJarnette, Bradford, Williams, McKay & Kimbrell, Miami, for plaintiff.

J. T. Blackard, Miami, for defendants Martin and Rita Fecht.

Dermer, Rosen & Mofsky, Miami Beach, for defendant John A. Troesser.

Wicker, Smith, Blomqvist, Hinckley & Davant, Miami, for defendants George B. and Sarah M. Monroe.

Edgar Lewis, Miami, attorney and administrator ad litem for defendants Deuerene M. and Beatrice G. Anderson.

Lemelman & Lehrman, Miami, for defendants Charles T. and Helen Huelb.

Jack R. Rice, Ass't. City Attorney, for defendant City of Miami.

RAY PEARSON, Circuit Judge.

*Final decree:* This suit coming on for hearing upon the plaintiff's sworn bill of complaint and amended complaint heretofore filed in this cause, and the answers of the defendants, George B. Monroe and Sarah M. Monroe, his wife; John A. Troesser; the City of Miami, Martin Fecht and Rita Fecht, his wife; oath and answer of guardian ad litem and administrator ad litem, Edgar Lewis, for the defendants Deuerene M. Anderson and Beatrice G. Anderson, his wife, and all absent and unknown defendants claiming by, through, under or against the said Deuerene M. Anderson and Beatrice G. Anderson, his wife; amended answer and disclaimer of the City of Miami; appearance of counsel for the defendants Charles T. Huelb and Helen Huelb, his wife; after hearing the testimony of witnesses on December 12, 1962, and January 16, 1963, and argument of counsel; having examined the various exhibits admitted into evidence; upon due consideration thereof, it is ordered, adjudged and decreed —

1. That this court has jurisdiction of this suit, the subject matter thereof, and the parties thereto.

2. That the decrees pro confesso heretofore entered against the defendants, Gladys Rice, f/k/a Gladys Fecht, Charles T. Huelb and Helen Huelb, his wife, and Deuerene M. Anderson and Beatrice G. Anderson, his wife, are hereby confirmed.

3. That the plaintiff claimed the fee simple title to that portion of the alley in block one of Little River Extension Subdivision, as recorded in plat book 9 upon page 138 of the public records of Dade County, abutting upon its lots in block one. The defendant, John A. Troesser, answered substantially admitting the

plaintiff's allegations and claiming the fee simple title to those portions of the alley abutting upon his property. The defendants, George B. Monroe and Sarah M. Monroe, his wife, answered admitting they had filed the plat referred to in paragraph one of the complaint and claimed the reversionary interest in the alley which is the subject matter of this suit; otherwise they denied the allegations of the complaint. The defendants, Martin Fecht and Rita Fecht, his wife, answered denying the allegations of the complaint. The guardian ad litem, Edgar Lewis, answered either denying the allegations of the complaint or stating that he was without knowledge, and demanding strict proof. The City of Miami answered denying some allegations, neither admitting or denying the remaining allegations and demanding strict proof. The City of Miami disclaimed any right, title and interest to the alley, pursuant to resolution no. 34018, adopted by the commission of the City of Miami on October 17, 1962, which resolution stated the closing of said alley will not affect the services to the surrounding property.

4. That the alley in block one, Little River Extension Subdivision, was not dedicated to the use of the public by the plat filed for record on April 17, 1924, contained in plat book 9 at page 138 of the public records of Dade County. There has been no dedication of the alley to the public use by estoppel, public user or way of necessity. The evidence showed there had been no acceptance of a purported offer of dedication by the City of Miami or the County of Dade through the time this suit was filed. While there was some evidence of random public use of a portion of the alley, it was not clearly and unequivocally shown that this use was of the alley as designated on the plat. Moreover, all the testimony showed that the entire length of the alley had never been used. The north end of the alley led to a closed and unimproved street parallel to the tracks of the Florida East Coast Railroad. The testimony showed that it was necessary to trespass upon the property of the adjacent property owners to use the south portion of the alley. The alley has never been marked or delineated in any fashion apparent to the public. McCorquodale v. Keyton, 63 So. 2d 906; City of Palmetto v. Katsch, 98 So. 352; Robinson v. Town of Riviera, 25 So. 2d 277; Mumaw v. Roberson, 60 So. 2d 741; Board of County Com'rs. v. Sebring Realty Co., 63 So. 2d 256; 16 Am. Jur., Section 24, page 369.

5. That the defendants, George B. Monroe and Sarah M. Monroe, his wife, Deuerene M. Anderson and Beatrice G. Anderson, his wife, and all unknown defendants claiming by, through, under or against the said Deuerene M. Anderson and Beatrice G. Anderson, his wife, have no right, title, claim, interest, estate,

demand, lien, reversion or possibility of reverter in, to or upon any portion of the former alley situated in block one, Little River Extension Subdivision, which is the subject matter of this suit. The plat which the aforesaid parties placed upon the public records in plat book 9, page 138, contained no right of reversion in the grantors and platters. McCorquodale v. Keyton, supra; Servando Building Company v. Zimmerman, 91 So. 2d 289; and Florida Southern Ry. Co. v. Brown, 23 Fla. 104, 1 So. 512.

6. That the aforesaid plat was an offer of a private easement in the alley to the purchasers of lots in block one of the subdivision. Further, that the testimony did not clearly and unequivocally establish that the present owners of the lots or their predecessors in title had exercised their private rights in the alley by using the entire alley. While some use was shown of a portion of the alley, it was not clearly and unequivocally shown that the property owners had used the alley designated on the plat by two parallel lines in the center of the block. The evidence showed that certain property owners had filled in low swampy sections of their lots and adjacent lots for their own use. There was some testimony that the property owners and others had occasionally driven in various places over these unimproved lots for their convenience. There was no showing that the present owners or their predecessors in said block one had purchased their lots relying on benefits to be derived from the grant of the private easement contained in the plat, nor has it been shown that they would suffer real damage or detriment to their property from the closing of the alley. The defendant, Martin Fecht, owner for thirty years and longer than any of the other property owners, said he didn't know an alley existed in the block until the suit was filed. The complaining defendant did not sustain the burden of showing damage and detriment to his property or reduction in its value. The said alley has been closed and unimproved from the date of recording said plat until the date of this final decree. Powers v. Scobie, 60 So. 2d 738, and Harbor View #7, Inc. v. Willson, 120 So. 2d 453.

7. That the equities lie with the plaintiff and those defendants seeking to vacate the alley. The parties to the suit who are property owners derive their title from a common grantor; namely, George B. Monroe and Helen F. Monroe, his wife, and Deuerene M. Anderson and Beatrice G. Anderson, his wife. The fee simple title in and to all the former alley of block one of Little River Extension Subdivision, which is the subject matter of this cause, always remained vested in the adjacent lot owners, subject to the grant of private easement contained in the Little River Extension Subdivision plat as recorded in plat book 9 at page 138 of the public records of Dade County. However, the

grant of a private easement to all lot owners in block one was never accepted nor became vested in any of the present lot owners in block one, or their predecessors in title. The fee simple title to the center of the alley is and it is hereby confirmed in the abutting lot owners.

8. That the defendant, the City of Miami, has no right, title, claim, interest or lien in, to or upon any portion of the former alley situated in block one of Little River Extension Subdivision.

9. That the plaintiff, 8778 Beverly Corporation, an Illinois corporation, is the fee simple title owner of —

All of lots 5, 6, 7, 8, 27, 28, 29, 30, 31, and 32, and all of lots 33 and 34 and 35 less the south ten feet thereof in block 1, of Little River Extension Subdivision, according to the plat thereof, recorded in plat book 9, page 138 of the public records of Dade County, Florida;

and that the said plaintiff is also the fee simple title holder of the following tracts of land, which are the subject matter of this suit to quiet title, to-wit —

All of that former alley lying easterly of and abutting upon lots 27, 28, 29, 30, 31, 32 and 33; and all of that former alley lying westerly of and abutting upon lots 5, 6, 7, 8, of block 1, of the Little River Extension Subdivision, to the midpoint of said alley;

and that the said plaintiff derives its title to those lands hereinabove set forth, from original deeds as follows —

(a) Title to all of the property comprised in said Little River Extension Subdivision was formerly vested in George B. Monroe and Helen F. Monroe, his wife, and D. M. Anderson and Beatrice G. Anderson, his wife, and the aforesaid fee simple owners filed the plat of said Little River Extension Subdivision, dated April 16, 1924, and recorded April 17, 1924, in plat book 9, upon page 138 of the public records of Dade County; in said plat it was stated —

" . . . the streets, court and highway thereon are hereby dedicated to the perpetual use of the public, . . ."

(b) After various mesne conveyances, lots 5, 6, 7, 8, 27, 28, 29, 30, 31 and 32, and all of lots 33, 34 and 35 less the south ten feet thereof, in block one, were deeded to the plaintiff by a warranty deed executed by David Lesser and Elaine Lesser, his wife; and Melvin Lesser and Inez Lesser, his wife; and Aaron T. Euster and Rieta Euster, his wife; dated March 23, 1962, and filed March 26, 1962, in the public records of Dade County, under clerk's file no. 62R 51321.

10. That all right, title, claim, demand, interest and lien, if any, of the defendants herein, and all others claiming by, through, under or against such individuals and defendants, be forever removed as a cloud, doubt or suspicion from the title of the plaintiff, 8778 Beverly Corporation, an Illinois corporation, in and to that former alley, abutting on the lots which are owned by the plaintiff, and which comprise the subject matter of this suit; and that their title therein be forever quieted and confirmed in the plaintiff; and that all defendants are perpetually enjoined and restrained from, in any manner or form, asserting any right, title, interest or demand whatsoever in, to or upon said lands of the plaintiff, 8778 Beverly Corporation, an Illinois corporation, which are the subject matter of this suit.

11. That the defendants, Martin Fecht and Gladys Rice are the owners as tenants in common of the fee simple title of —

> Lots 1 and 2, block 1 of Little River Extension Subdivision, according to the plat thereof, recorded in plat book 9 upon page 138 of the public records of Dade County, Florida;

and that the defendants, Martin Fecht and Gladys Rice, are also the owners as tenants in common of the fee simple title of the following tract of land which is the subject matter of this suit, to-wit:

> All of that former alley lying westerly of and abutting on lots 1 and 2 to the midpoint of said alley.

12. That the defendant, Martin Fecht, is the owner in fee simple, subject to the dower interest of Rita Fecht, his wife, of —

> Lots 3 and 4, of block 1, Little River Extension Subdivision, according to the plat thereof, as recorded in plat book 9 at page 138 of the public records of Dade County, Florida;

and that the defendant, Martin Fecht, is the owner in fee simple, subject to the dower interest of Rita Fecht, his wife, of the following tract of land which is the subject matter of this suit, to-wit —

> All of that former alley lying westerly of and abutting on lots 3 and 4 to the midpoint of said alley.

13. That the defendant, John A. Troesser, owns in fee simple:

> Lots 9, 10, 11, 12 and 13, of block 1 of Little River Extension Subdivision, according to the plat thereof, as recorded in plat book 9 at page 138 of the Public Records of Dade County, Florida;

and that the defendant, John A. Troesser, is also the owner of the fee simple title of the following tract of land which is the subject matter of this suit, to-wit:

All of that former alley lying westerly of and abutting on lots 9, 10, 11, 12 and 13 to the midpoint of said alley.

14.   That the defendants, Charles T. Huelb and Helen Huelb, his wife, are owners in fee simple title of —

Lots 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25 and 26 of block 1 of Little River Extension Subdivision, according to the plat thereof, as recorded in plat book 9 at page 138 of the public records of Dade County, Florida;

and that the defendants, Charles T. Huelb and Helen Huelb, his wife, are also the owners of the fee simple title of the following tract of land which is the subject matter of this suit, to-wit —

All of that former alley lying westerly of and abutting on lots 14, 15, 16, 17, 18, 19 and 20, to the midpoint of said alley and all of that former alley lying easterly of and abutting on lot 21 to the midpoint of said alley.

15.   That Edgar Lewis has completed his services as guardian ad litem and administrator ad litem for all absent and unknown defendants to this cause, claiming by, through, under or against Deuerene M. Anderson and Beatrice G. Anderson, his wife, and that he be, and is hereby discharged as such guardian ad litem, and he is allowed a fee as such guardian ad litem and administrator ad litem of $250.