OWEN, Judge.
The primary question presented by this case is whether a property owner in a platted subdivision within a municipality has a vested private right to continue to use that portion of a street in the subdivision which has been lawfully vacated by the municipal authorities. A corollary question is whether the owners of the property abutting the vacated portions of the street have the right to place obstructions therein.
The plat of Virginia Heights, a subdivision in the City of Winter Park, was recorded in 1922. The plat shows College Point Street running northward toward Lake Virginia, the plat containing a notation to the effect that the north end of College Point is reserved as a park for the owners and residents of Virginia Heights. Although the right-of-way of the street as shown on the plat is SO feet in width throughout most of its length, near its north end the right-of-way fans out sharply so that the area reserved as park is several hundred feet in width along the south shore of Lake Virginia. The paved portion of the street, approximately 20 feet in width, terminated at its north end in a turning circle just south of the line where the park area commenced. Sometime before 1963 the City of Winter Park had placed a row of concrete posts between the turning circle and the park area thereby effectively barricading vehicular traffic from the park area. Pedestrian access was not obstructed.
Defendants Hurt owned the property abutting the west side of the park and the street and defendants Kinney owned the property abutting the east side. In 1963 the city commission of Winter Park, at the request of defendant Ed Hurt, adopted an ordinance vacating a portion of College Point Street, the portion vacated being approximately the northerly 110 feet (which included the paved turning circle). Defendant Hurt then moved the concrete post barricade to the southline of the vacated portion of the street, planting shrubbery and trees along the same line. These obstructions effectively prevented vehicular traffic from using the portion of the street which had been vacated, the effect being to move the “dead end” approximately 110 feet south of its former location. Pedestrian access to the vacated portion of the street as well as to the park area remained unobstructed.
Plaintiffs were owners of property within the subdivision, all of whom had purchased their property with reference to the recorded plat. They brought this suit seeking not only to have enjoined the defendants from maintaining the obstructions in the roadway, but also to have declared as invalid the municipal ordinance vacating the street, the City of Winter Park being joined as a defendant for this purpose. At the final hearing before the court the facts above set forth were established by the evidence without material dispute. It was also shown that the defendants had placed certain fences and hedges along their respective sides of the park which encroached several feet onto the park property. The court ruling impliedly [but not expressly] that plaintiffs had acquired a private right of user over the portion of the street which had been vacated, entered its decree requiring the defendants to remove the obstructions placed across the *352 south end of the vacated portion of the street and the encroachments on the park area. The decree also dismissed with prejudice the action against the City of Winter Park. Defendants appeal.
The court was correct in ordering the defendants to remove certain encroachments on the park area even though such encroachments were minimal. The plaintiffs, having purchased their lots relying upon the plat showing the north end of College Point Street as being reserved for their use as a park, thereby acquired by implied covenant a private easement in all of the park as appurtenant to the premises granted and conveyed to them. McCorquodale v. Keyton, Fla.1953, 63 So.2d 906. Defendants had no superior rights which entitled them to deprive plaintiffs of the use of such private easement.
In our opinion, the court erred in requiring the defendants to remove the obstructions across the south end of the vacated portion of the street. The cities of this state are authorized to discontinue or vacate any street or portion thereof when done in the interest of the general welfare. McLeod v. Carr, Fla.1956, 90 So.2d 112; Section 167.09, F.S.1963, F.S.A. The plaintiffs’ efforts to establish the invalidity of the ordinance by which the street was vacated were unsuccessful and the ordinance is thus presumptively valid. When a street is lawfully vacated, title to the area vacated vests in the adjoining property owners. Smith v. Horn, 1915, 70 Fla. 484, 70 So. 435. It has been stated repeatedly that if the power to vacate is present and is lawfully exercised, the fact that when abandoned the title to the street or public place or portion thereof reverts to the adjacent owner is of no consequence, Henry L. Doherty & Co. v. Joachim, 1941, 146 Fla. 50, 200 So. 238; Sun Oil Company v. Gerstein, Fla.App.1968, 206 So.2d 439; Woodlawn Park Cemetery Co. v. City of Miami, Fla.App.1958, 104 So.2d 851. The defendants, as the legal owners of the portion of the street which had been vacated, should not be enjoined from placing obstructions on their own property unless such interferes with some private easement which may have become vested in the plaintiffs.
In McCorquodale v. Keyton, supra, and Boothby v. Gulf Properties of Alabama, Fla.1948, 40 So.2d 117, approval was given to the principle that a grantee to whom a conveyance is made by reference to a map or plat acquires a private right of user of or easement in parks, playgrounds or similar facilities shown on the plat and calculated to encourage prospective purchasers to buy lots in the subdivision. But, it was made clear in Powers v. Scobie, Fla. 1952, 60 So.2d 738, that this “broad” view which was applied to parks, beaches and similar facilities, would not be practical in this state when applied to streets and alleys. In the last cited case it was held that the extent of a grantee’s private right of user in streets and alleys shown on a map or plat by reference to which his conveyance is made, is limited to such streets and alleys as are reasonably and materially beneficial to the grantee and of which the deprivation would reduce the value of his lot. It was there recognized (as we do here) that each case must be determined on its own facts but that the complaining party in order to prevail must show damage or detriment to his property. None of the plaintiffs in this case have made such a showing. .While plaintiffs cite McCorquodale v. Keyton, supra, as authority for the statement that access to and use of a beach is an extremely valuable right to lot owners, and while we recognize as has the First District Court that close proximity of and direct access to navigable waters gives property an enhanced value, Mainor v. Hobbie, Fla.App.1969, 218 So.2d 203, the undisputed fact remains that the conduct on the part of the defendants did not deprive or limit the pedestrian access to the park and the lake which plaintiffs had theretofore enjoyed. They are entitled to continue to have such access even over the vacated portion of the street. The fact that the plaintiffs will now have to park their cars approximately 110 feet farther from the park area than in the past, and *353 walk that additional distance cannot, by any stretch of the imagination, be said to be a denial of access to or use of the park facilities so as to be the cause of damage or detriment to the plaintiffs’ property in the subdivision. Cf. Henry L. Doherty & Co. v. Joachim, supra.
The portion of the final decree requiring the defendants, Edward H. Hurt and Joan L. Hurt, his wife, to remove the concrete posts, a hedge of shrubbery and a palm tree located at the southwest part of the vacated portion of College Park Street, and requiring such defendants to restore that area to a grade level with the immediate surrounding area, is reversed. In all other respects the final decree is affirmed.
Reversed in part, affirmed in part.
Cross, J., and ANDERSON, ALLEN C., Associate Judge, concur.