OWEN, Judge.
The appellants, who were also appellants in Hurt v. Lenchuk, Fla.App. 1969, 223 So.2d 350, appeal from the amended judgment entered by the court after the going down of our mandate, complaining that the amended judgment did not comply with our prior opinion in this case.
Appellants are correct, but the fault does not lie with the trial court. Our prior opinion contains a self contradiction which prevented our views from being clearly expressed and which understandably placed the trial court in a quandary. We held that the title to the portion of the street which had been lawfully vacated had vested in the defendant appellants as the adjoining property owners, burdened however with a private pedestrian easement in favor of the other property owners in the subdivision. We also held that the defendant appellants, as owners of the fee, should not be enjoined from placing obstructions on their own property so long as any such did not interfere with the reasonable enjoyment of the private easement. We intended that any portion of the final judgment inconsistent with such views be reversed. Unfortunately, we obscured this intent when we attempted to itemize in the final paragraph of the opinion those portions of the judgment which were to be reversed and in so doing failed to specifically itemize that portion of the judgment which had enjoined the defendants from thereafter placing planting or obstruction upon the vacated area of the street. This enigma would have been avoided had we simply stated that the judgment was reversed to the extent that it was inconsistent with our opinion, since language elsewhere in the opinion is clear to the effect that the defendant appellants should not be enjoined from placing obstructions upon their own property.
The opinion, taken in its entirety, sets forth the rights which the respective parties have in and to the “park” and the vacated area of the street. Through no fault of the trial court the amended final judgment does not conform to the law of this case as we have determined it to be. Justice requires that the amended final judgment be vacated and this cause remanded for entry of an amended final judgment consistent with the intent of our opinion in 223 So.2d 350 as herein clarified. Upon remand the trial court is authorized in its discretion to entertain such further proceedings as will enable it to include in the amended final judgment definitive limits on the location and width of the pedestrian easement with which the vacated portion of the street is burdened. Kingdon v. Walker, Fla.App.1963, 156 So.2d 208.
The amended final judgment is reversed and this cause remanded for further proceedings consistent herewith.
CROSS, C. J., and MAGER, J., concur.