PER CURIAM.
Our Court previously declared unconstitutional § 562.21, F.S., which required that sales of what may commonly be referred to as “beer and wine” must be for cash only. While recognizing the power of the Legislature to impose legitimate and reasonable burdens and restrictions upon retail vendors of beverages, nevertheless, the sin *774 gling out of one (cash for beer and wine) as opposed to another (10 day credit for liquor) was and is invidious discrimination. Castlewood International Corp. v. Wynne, 294 So.2d 321 (Fla.1974).
We remanded the cause for proceedings and entry of an order consistent with our view. In return, the trial judge ruled that while § 562.21, F.S., was void, Sections 561.42(1), (2) and (7), F.S., remained in force and required cash payment for sale of beer and wine to retail vendors but that liquor retail vendors could still qualify for a ten day credit.
This precipitated the request, sub judice, for a Petition for Constitutional Writ In Aid of Jurisdiction and/or Petition for Entry of a Decree In Accordance With Previous Mandate.
Although the problem raised is as welcome as a bedbug between the sheets, we accept the request because it is in full aid and completely necessary both to the jurisdiction of our Court and to assist in the obvious and necessary resolution of an issue related and intertwined (not heretofore directly raised or answered) with a question not only of vital public concern but also which affects the numerous industries and retail vendors involved. Article V, Sec. 3, Florida Constitution. Wright v. Board of Public Instruction, 100 So.2d 403, Fla.1957; South Dade Farms, Inc. v. Peters, 107 So.2d 30, Fla.1958; Hurt v. Virginia Heights Association, 244 So.2d 483 (Fla. 4th Dist.1971).
The maxim that “justice delayed is justice denied” is fully recognized by our Court and we have consistently attempted to minimize it by placing our cases in the “jet stream”.
A rehash of the initial Castlewood case, supra, would serve no useful purpose. It is self explanatory and has not been unduly controverted, protested or caused any incensed outraged indignation.
While technical “chaff” may be used to shroud the “wheat” of an issue, it takes but minimum effort to sift and separate the two.
Quite candidly we can understand the trial judge’s perplexity, on remand, in deciding the resolution of the method of payment by a vendor of beer and wine, i. e., cash on delivery, wide open credit or ten day credit arrangements. Likewise, we-can assume the reason for non-action by the Legislature in this field since our opinion was rendered in April, 1974, but the denial of the petition for rehearing was not decided until a later date.
Thus, to fully understand the issue under review we must look to certain historical and basic statutory laws regarding beverage sales.
Although at first blush this may appear to be as dark and shapeless as shadows, nevertheless, it has considerable quality and merit.
Chapter 15865, Laws of Florida, approved May 6, 1933, was directed to “Advertising the Manufacture, Sale or Keeping for Sale, of Liquors”, however, in referring to alcoholic liquors, this law specifically defined the term as “either spiritous, vinous or malt, such as brandy, whiskey, wine, rum, gin, beer, or other alcoholic liquors, or any of them . . ..” Obviously, beer, wine, etc. were included within the term “liquors”.
Then, on May 8, 1933, two laws were approved. One, Chapter 15866, stated:
“ . . . That Section 5469 of the Revised General Statutes of Florida, (otherwise referred to as Section 7613 of the Compiled General Laws of Florida,) defining drinks, beverages or alcoholic liquors, for beverage purposes, as those containing one-half of one per cent of alcohol, or more, and all intoxicating liquors and beverages, whether spirituous, vinous or malt, as within the meaning of prohibition statutes of this State, be, and the same is, hereby repealed.”
*775 and, the other, Chapter 15864, stated:
“ . . . All liquors and beverages, whether spirituous, vinous or malt, or fruit juices, containing more than 3.2 per centum of alcohol by weight, shall be deemed and held to be alcoholic or intoxicating liquors or beverages, within the meaning of any and all Statutes of this State prohibiting, regulating, or relating to the manufacture, or sale, or barter, or exchange, or transportation, or possession, or custody, or control of alcoholic or intoxicating liquors or beverages; but this Act is not intended to refer to Statutes regulating the sale of alcohol for medical, scientific or mechanical purposes, and wine for sacramental purposes.”
However, Chapter 16774, Laws of 1935, was then enacted and can be referred to as one of the basic “Tied House Evil” laws. In pertinent part it provided:
“ . to supervise the conduct, management and operation of the sale of all beverages containing more than 1 % of alcohol by weight.”;
and further therein stated:
“No licensed vendor shall accept, directly or indirectly, any gift, or loan of money or property of any description or any rebates from any such licensed manufacturer or distributor. Provided, however, that this shall not apply to any bottles, barrels, or other containers necessary for the legitimate transportation of such beverages, or advertising materials, and shall not apply to the extension of credit in the usual course of trade or to the giving of trade discounts in the ordinary course of business.” (Emphasis added.);
and also it additionally stated:

“All liquors, wines and beers containing more than 3.2 per cent of alcohol by weight shall be deemed and held to be intoxicating liquors, wines and beers

“All laws and parts of laws in conflict with this Act are hereby repealed. .” (Emphasis added.)
On June 14, 1943, Chapter 22078, Laws of Florida, amended the prior § 561.42, F.S., and stated in pertinent part as follows:
“ . . . [Hjowever, that this . shall not apply to the extension of credit for liquors sold during any month to the 10th of the succeeding month . . . Nothing herein shall be taken to affect the provision for cash sales of wine and beer as are provided in Section 562.21 or the provisions of Section 562.22, biit shall govern all other sales of intoxicating liquors. . . .” (Emphasis added.)
In 1943, via Chapter 21839, Laws of Florida, then § 561.01, amended various statutes including § 561.01, and certain terms, i. e., beer, malt beverage, wine, fortified wine and liquor. The definition of “alcoholic beverages” was specified to: “inclue all beverages containing more than one per cent of alcohol by weight.” This law further provided that:
“The term ‘intoxicating beverage’ and the term ‘intoxicating liquor’ shall include only those liquors, wines and beers containing more than three and two-tenths per cent of alcohol by weight.” (Emphasis added.)
Next, in 1947, Chapter 23746, Laws of Florida, § 561.42 F.S., limited the credit for “liquors” sold to vendors up to but not including the 10th day after the calendar week during which the sale was made, but in doing so this law distinguished beer and wine and limited those to cash sales only as provided in § 562.21 with the additional provisio that the law “. . . shall govern all other sales of intoxicating liquors.” (Emphasis added.)
It is an elementary conclusion that if the words beer and wine as heretofore defined in the referenced laws were not inclusive within the term “liquor” there would have been no necessity to expressly state the ex- *776 elusionary provisions included in Chapter 23746, Laws of Florida.
By various means, primarily in 1972, numerous beverage laws were amended, deleted and transferred which essentially resulted in Chapters 561, 562, 563, 564 and 565, Florida Statutes, under which the State now operates.
Under § 561.01, F.S., its definitive construction of the words “alcoholic beverages” is termed to mean “all beverages containing more than one per cent of alcohol by weight”, and the words “intoxicating beverage” and “intoxicating liquor” mean “only those [alcoholic beverages] containing more than three and two-tenths per cent of alcohol by weight.”
Under § 563.01, F.S., relative to “beer”, as well as malt beverages, it is defined to mean all brewed beverages containing malt, and § 564.01 defines “wine” to mean “all beverages made from fresh fruits, berries, or grapes, either by natural fermentation or by natural fermentation with brandy added . . . .” Also, “fortified wine” is termed to mean all wines containing more than fourteen per cent of alcohol by weight.
A fortiori, “definitions” and “constructions” remain the same and have only been rejuggled through statutory re-enactments, with the result that beer, malt beverage and wine descriptions come within the term and are synonymous with the word “liquor” and “intoxicating liquors” under Chapters 561 and 562, Florida Statutes.
Having invalidated § 562.21, F.S., without expressly treating § 561.42, F.S., we now consider the facets of § 561.42(1), (2) and (7), F.S. (in light of the foregoing analysis). These sections permit a ten day credit for “liquors”. Sub-section (8) of § 561.42, F.S., additionally states: “ . [njothing herein shall be taken to affect the provisions for cash sales of wines1 or beer as are provided in § 562.21. . . Certainly this language is now meaningless and vitiated by our previous Opinion. However, sub-section (8) in discussing the application of § 561.42 goes further to state: “. . . but shall govern all other sales of intoxicating liquors.” (Emphasis added.)
Obviously, cash sale requirements imposed upon vendors of beer and wine have now vanished, and the emphasized portion of sub-section (8), supra, reveal the clear and reasonable construction and conclusion that beer and wine, as heretofore referred to above, i. e., those alcoholic beverages containing more than 3%o% of alcohol by weight, are entitled to the same credit treatment afforded “liquor”, i. e., credit, up to, but not including the tenth day after the calendar week in which such sale was made.
Obviously, nothing contained herein is or should be construed as a constitutional ruling, vel non, upon the validity of § 561.42, F.S., but to the contrary simply puts a proper construction on that general statute as it now exists and places the referenced beverages in their proper perspective. To determine otherwise would negate our prior Opinion and its intent.
Accordingly, in complete confidence that all parties will pay heed and adhere to this Opinion and its intent, this cause is remanded for entry of an order consistent herewith including enjoinments from violations hereof.
It is so ordered.
ERVIN, Acting C. J., and BOYD, Mc-CAIN and DEKLE, JJ., and FERRIS, Circuit Judge, concur.