KHOUZAM, Judge.
Della M. Bishop, as trustee of the Della M. Bishop Trust, appeals a final summary judgment granting Walter W. Courtney an implied easement over property owned by Ms. Bishop. Because the circuit court erred as a matter of law in granting summary judgment in favor of Mr. Courtney, we reverse.
The issue on appeal is whether the representations in a recorded plat created an implied easement in favor of Mr. Courtney. In 1957, developers Paul M. Collier and Beulah D. Collier platted a parcel of land in Highlands County, Florida, as “Lake Ridge Estates.” The plat included forty residential lots — lots 1 through 20 of block 1 and lots 1 through 20 of block 2— and four tracts of land. The tracts were designated A, B, C, and D. A boat basin and a parcel known as the “Parking Area” were located between tracts C and D. The slips in the boat basin were labeled boat slips 1 through 20 of block 1 and boat slips 1 through 20 of block 2.
The land was sold to Lake Ridge Estates, Inc. in 1959. In 1971, Ms. Bishop and her husband, Luther C. Bishop, purchased lots 19 and 20 of block 2, tracts A, B, C, and D, and the parcel of land located between tracts C and D.[1] The Bishops’ title described the property as follows:
Lots 19 and 20 of Block 2 and Tracts A and B, as set out on that certain plat of Lake Ridge Estates and Tracts C and D, together with that parcel lying between said Tracts and being bounded on the North by the South line of Tract C and on the South by the North line of Tract D and on the West by the East boundary of Lot 20, Block 1, Lot 20, Block 2, and the Easterly terminus of Lake Ridge Drive and on the East by the Westerly shoreline of Lake Grassy, according to the plat thereof as recorded in Plat Book 5, at Page 26 of the Public Records of Highlands County, Florida. Said Tracts A, B, C and D are marked, “not a part of this subdivision” but as shown on said plat.
*119 After her husband’s death, Ms. Bishop transferred title of the property to the Della M. Bishop Trust. In 2003, Mr. Courtney purchased lots 19 and 20 of block 2 and began docking his boat in boat slips 19 and 20 of block 2. Ms. Bishop filed a suit for ejectment alleging that Mr. Courtney was docking his boat on her property. Mr. Courtney filed a counterclaim to quiet title to boat slips 19 and 20 and sought a declaration that he had an implied easement over the “Parking Area.” Mr. Courtney then moved for summary judgment, contending that the labeling of the boat slips and lots in the plat gave rise to the inference that the lot owners could dock their boats in the corresponding boat slips. He also argued that it was reasonable to infer from the plat that the “Parking Area” was created for the use and enjoyment of the lot owners.
At the summary judgment hearing, both parties agreed that the only issue before the court was whether the representations in the plat created an implied easement over Ms. Bishop’s property. The circuit court entered a final summary judgment in favor of Mr. Courtney, finding that he held an implied easement for ingress, egress, and use of the “Parking Area” and an implied easement for use and possession as to boat slips 19 and 20.
A trial court should grant a summary judgment only when there is no genuine issue of material fact and when the moving party is entitled to a judgment as a matter of law. Volusia County v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126, 130 (Fla.2000). We review an order granting summary judgment de novo. Id.
Our review of the plat reveals no representations in the plat that would lead us to infer that the rights to the boat slips were based on ownership of the lots. We also find no indication that the developers intended to dedicate any portion of the property as a common area, other than the express dedication of Lake Ridge Drive to the public. Lake Ridge Drive terminates at the west end of the “Parking Area” and no other dedication is set forth on the plat. Further, McCorquodale v. Keyton, 63 So.2d 906 (Fla.1953), which was relied on by Mr. Courtney, does not mandate the result reached by the circuit court in this case. Unlike the plat in McCorquodale, id. at 907, which contained a dedication of property as a park, here, the plat merely designated a “Parking Area” adjacent to the boat basin. As suggested by Ms. Bishop, a number of reasonable inferences other than the inferences raised by Mr. Courtney can be drawn from the face of the plat. It is possible, for example, that the original developers intended to build a private marina that included the boat basin and the “Parking Area.” Mr. Courtney did not provide any evidence, other than mere speculation, as to the intentions of the original developers in labeling the plat. As such, the summary judgment was based on the impermissible stacking of inferences. See Green House, Inc. v. Thiermann, 288 So.2d 566, 568 (Fla. 2d DCA 1974) (finding that a second inference cannot be superimposed upon a prior inference where the prior inference “was not established to the exclusion of all other reasonable inferences”); see also Voelker v. Combined Ins. Co. of Am., 73 So.2d 403, 407 (Fla.1954) (observing that the rule providing that an inference may not be drawn from another inference is designed to protect litigants from verdicts or judgments based on speculation).
For the foregoing reasons, we conclude that the circuit court erred in entering a final summary judgment in favor of Mr. Courtney. Accordingly, we reverse the final summary judgment and remand this case to the circuit court for further proceedings consistent with this opinion.
*120 Reversed and remanded for further proceedings.
NORTHCUTT and CRENSHAW, JJ„ Concur.

. The original property description did not include the parcel of land located between tracts C and D. The description was later corrected by a warranty deed.