60 So.2d 738 (1952)
POWERS et ux.
v.
SCOBIE et ux.
Supreme Court of Florida, Special Division B.
October 17, 1952.
Z.D. Giles, Leesburg, for appellants.
Harry E. Gaylor, Eustis, for appellees.
ROBERTS, Justice.
The plaintiff-appellants instituted proceedings below to compel the defendant-appellees to remove an alleged obstruction from a street designated as "Palm Court Drive" in a plat of Palm Court Subdivision, a subdivision in Lake County, Florida, and within the city limits of Umatilla, Florida. The subdivision consists of only two blocks of lots laid off in a single tier on each side of Palm Court Drive, which runs north and south, and is separated from the waters of Lake Umatilla on the south by a street designated on the plat as "Lake Shore *739 Boulevard," running east and west. At a point some 200 feet from the lake and at the southern boundary lines of Lots 34 of Blocks A and B, Palm Court Drive widens out considerably and then divides into two separate driveways on either side of an ovular space designated on the plat as "Reserved Palms and Flowers." There is no delineation on the plat as to the exact lines of Palm Court Drive and Lake Shore Boulevard at the point where they intersect south of the area marked "Reserved Palms and Flowers." The plat also shows a strip of land between Lake Umatilla and Lake Shore Boulevard marked "Reserved." The dedication of the streets, and the subdivider's intentions as to the areas marked "Reserved", are shown in the subdivider's certificate of dedication as follows: "* * that Palm Court Drive is 31 feet wide from Rose Street to Lake Umatilla; that Lake Shore Boulevard is 31 feet wide across said property along the shore of Lake Umatilla both as shown hereon and are hereby dedicated to public use, with reservations by owner of park and lake shore as shown. (Emphasis is supplied.)
The appellants, Mr. and Mrs. Powers, own lots in Block B and reside in a residence constructed on a lot in about the middle of the block. The appellees, Mr. and Mrs. Scobie, own almost all of Block A, including that portion south of Lot 34 of Block A. They also own that portion of Block B south of Lot 34 in that block. Thus the Scobies own all of the subdivision south of the point where Palm Court Drive widens out and encircles the area marked "Reserved Palms and Flowers." They have constructed a home which, admittedly, extends into that portion of Palm Court Drive designated on the plat as encircling the reserved area on the east, and it is this obstruction which the Powers seek in these proceedings to have removed.
The City of Umatilla does not appear to have accepted the offer of dedication of that portion of Palm Court Drive extending south of Lots 34. While there was considerable evidence of public user of this portion of the street, it is not clearly and unequivocally shown that this user was of the street as designated on the plat. However, the case does not seem to have been tried below on the basis of "public user", but solely on the basis of the private right of the appellants Powers to an easement over Palm Court Drive as delineated on the plat, and it will be here reviewed on that basis.
At the outset, it should be noted that the appellants have no rights in and to those areas marked on the plat as "reserved." It is well settled that, ordinarily, dedication of property to the public use may be made subject to reservations in favor of the dedicator and that in such cases the public takes cum onere. This general rule is, of course, subject to a notable exception, and that is, that the reservation must not be inconsistent with the dedication. 16 Am.Jur., Dedication, Sec. 25, page 372; McQuillian on Municipal Corp. (3rd Ed.) Sec. 33.10, page 607. The reservation to the dedicator of the lake shore is not inconsistent with or repugnant to the dedication of Lake Shore Boulevard. As dedicated, Lake Shore Boulevard extends east and west "across said property". Since the subdivision is only 231 feet wide, Lake Shore Boulevard is, then, a strip of land 231 feet x 31 feet. The only apparent value of this offer of dedication is that some time in the future it might became a link in a circular drive around the lake. At present, it is "dead end" at both sides, as shown on the plat, and in fact has not been laid off as a street. Nor is the reservation of the oval-shaped area in the center of Palm Court Drive inconsistent with the dedication of this street to the public. Title to these reserved areas thus remained in the subdivider, and the record shows a deed from several persons, designated therein as "all the heirs" of the subdivider, conveying these reserved areas to the appellee Scobie.
The facts here are to be distinguished from those in Boothby v. Gulf Properties of Alabama, Fla., 40 So.2d 117, in which the only notation on the plat was "Beach Reserved", and in which it was shown that the subdividers had represented this area to be a public beach. Clearly, the principles of estoppel, upon which a private right of easement in these circumstances is *740 based, would preclude the subdividers from thereafter denying to the lot owners a right to use such reserved space. In the instant case, the dedicatory affidavit expressly states the intention of the dedicator as to the reserved areas, so that no estoppel can arise by virtue of the purchase of lots according to the plat of Palm Court Subdivision.
As to the private right of easement of the appellants over Palm Court Drive, the Chancellor held that the appellants were entitled to have kept open a straight extension of Palm Court Drive southward to the lake. The Chancellor also "vacated," as to the appellants, the reservation of the lake shore above referred to and decreed that this strip of land should be made available to the appellants. Although it would appear, from what has been said before, that the appellees Scobie had title to this strip of land as their own private property, this portion of the decree was not cross-assigned as error by the Scobies.
We think that the decree of the Chancellor as to the easement over Palm Court Drive was entirely justified under the circumstances here existing. While this court has indicated that it will follow the "broad" or "unity" rule as to parks, Boothby v. Gulf Properties of Alabama, supra, we believe that the adoption of this rule as to streets and alleys would not be practicable in this state, where so many wild and unimproved lands were subdivided during the Florida "land boom" and remain in the same unimproved condition even today. The particular subdivision here in question is a case in point, since the appellants and the appellees appear to be the only families living in the subdivision, which is still devoted principally to citrus growing.
It is our view that the "intermediate" view, referred to either as the "beneficial" or as the "complete enjoyment" rule, by the annotator in 7 A.L.R.2d at page 633, should be adopted in this jurisdiction. This rule is "that the extent of the grantee's private right of user in streets and alleys shown on a map or plat by reference to which his conveyance was made is limited to such streets and alleys as are reasonably and materially beneficial to the grantee and of which the deprivation would reduce the value of his lot." 7 A.L.R.2d, Sec. 7, page 633. Adoption of this rule means, in effect, that each case must be determined on its own facts, but that, of course, the complaining party must to prevail show damage or detriment to his property
Applying this rule to the facts here, it is apparent that the only material benefit which the appellants could have in having Palm Court Drive kept open was because of the possible access it might give in the future to Lake Shore Boulevard. As we have shown, the appellants had no rights in the use of the lake shore reserved by the subdivider and now owned by the appellee Scobie, so that he would not require an easement over Palm Court Drive for the purpose of reaching the lake. The width of Palm Court Drive expressly dedicated by the subdivider was "31 feet." It would seem to be of no moment to the appellants whether their easement covered a single strip 31 feet wide, or two strips each 15 1/2 feet wide. None of their lots abutted the portion marked on the plat as encircling the area reserved for "palms and flowers," but noted by the Chancellor to mean only "reserved for thorns and thistles."
While the elements of estoppel are not here present, since the condition of the title was known to the appellees as well as the appellants, it appears that the equities of the case are on the side of the appellees, insofar as moving his home is concerned, and that the "redelineation" of the street by the Chancellor will secure to the appellants exactly the same rights as they would have had by compelling the removal of the appellees' home.
For the reasons stated, the decree appealed from should be and it is hereby
Affirmed.
SEBRING, C.J., and HOBSON and MATHEWS, JJ., concur.