61 So.2d 913 (1952)
BROOKS-GARRISON HOTEL CORP. et al.
v.
SARA INV. CO. et al.
Supreme Court of Florida, Special Division B.
November 14, 1952.
Rehearing Denied January 9, 1953.
*914 Henderson, Franklin, Starnes & Holt, Fort Myers, for appellants.
Sheppard & Woolslair, Fort Myers, for appellees.
ROBERTS, Justice.
This appeal had its inception in a controversy between the appellants and the appellees as to their respective rights in and to a strip of land which had theretofore been dedicated as a public street by the common grantor of the parties, one T.H. Phillips.
The facts material to a determination of this matter are briefly as follows: Phillips owned a tract of land in the City of Fort Myers, of which a plat had been made. The date upon which the plat was made is not shown by the record. The plat divided the tract into several parcels of land and showed the strip of land here in controversy as "Dedicated to Public for Street." This plat has never been filed or recorded. In February of 1949, Phillips executed and caused to be recorded an instrument entitled "Dedication," in which he dedicated "to the public for use as a public thoroughfare, street and easement" certain property, by a metes and bounds description, including the strip of land here in controversy. This portion of the dedicated property was not then and has never been used for street purposes. The remainder of the dedicated property, being the south 80 feet thereof, is presently used as a street, and the subject litigation is not concerned with this portion of the dedicated property.
In November of 1949, the predecessor in title of the appellee, Sara Investment Company (hereinafter referred to as "Sara"), purchased from Phillips a parcel of land abutting on the west the south 80 feet of the strip of land dedicated by Phillips, above referred to. The conveyance was by a deed describing the property by metes and bounds and without reference to the unrecorded plat. The deed did, however, refer to the dedicated strip of land as a point of beginning of the description of the parcel and, also, the eastern boundary of such parcel was additionally and parenthetically described as "along the westerly side of said dedicated street." The parcel owned by the appellee, O'Mahony, adjoins Sara's parcel on the west and does not abut the dedicated street. It was purchased by O'Mahony from Phillips in 1951, also by a metes and *915 bounds description, and also without reference to the unrecorded plat. Both of these parcels are bounded on the north by an alley which had also been dedicated by Phillips in another "dedication" instrument "as an easement for alleyway purposes to the abutting owners." Access to such alley may be made over the south 80 feet of the dedicated strip, above referred to and not here in controversy. The appellants own all of the land north of such alley and all of the land surrounding the strip of land dedicated for street purposes by Phillips, as above noted, except for the south 80 feet thereof. This litigation is concerned with that portion of the dedicated strip completely surrounded by the property of the appellants.
Subsequent to his dedication thereof as a public street, Phillips conveyed the dedicated strip to the City of Fort Myers by a quitclaim deed, releasing all claims to the lands described in the dedication instrument. Thereafter, the City and the County disclaimed all interest in the use of the strip as a public street and executed "Disclaimer and Quit Claim" deeds of the controverted strip to the appellants.
The instant suit was instituted by appellees, in equity, to have cancelled of record the "Disclaimer and Quit Claim" deeds of the City and County and praying also that their rights and interests in the premises be "cleared, quieted and confirmed." The appellants motion to dismiss was denied, and an answer was thereupon filed by them. Upon motion of the appellees, summary final decree was entered in their favor, and appellants have perfected this appeal.
The appellees bottom their claim to the right to use that portion of the dedicated strip upon which their premises do not abut, which is the controverted strip, upon the dedication instruments filed by Phillips. It is alleged in their complaint that "Plaintiffs purchased the land in the Phillips tract aforesaid relying on the dedications of the street and alleys so made by Phillips, and in good faith invested money therein with the just expectation that the dedicated street and alleys would continue in existence. * * * And plaintiffs will be deprived of the full use and enjoyment of the land so owned by each, respectively, unless the claims of defendants are cancelled, the cloud resulting therefrom removed, and the rights of Plaintiffs to continued existence of the street established, quieted and confirmed."
The question, then, is simply this: Do the appellees have a right of access to the entire strip of land, as dedicated by Phillips, in the circumstances here present?
At the outset, it should be noted that the rule with respect to implied easements resulting from a conveyance with reference to a map or plat, has no application here. The tract was platted, but the plat was not filed or recorded; the deeds to the parties made no reference to the plat. In such case, the purchaser does not acquire a "private" right of easement in the streets which appear on the plat. 17 Am.Jur., Easements, Sec. 47, p. 959.
But even if such rule were here applicable, the showing made by appellees is insufficient to support a claim to the use of the entire dedicated strip. This court has heretofore adopted the so-called "intermediate" rule as to the extent of a grantee's private right of user in streets and alleys shown on a map or plat by reference to which his conveyance was made. Powers v. Scobie, Fla., 60 So.2d 738. Under this rule, the grantee's private right of user extends only to those streets and alleys shown on the plat as are reasonably or materially beneficial to the grantee and of which the deprivation would reduce the value of his lot. In the instant case, the appellees alleged only that they "will be deprived of the full use and enjoyment of the land so owned by each, respectively, unless the claims of defendants are cancelled * * *." By affidavit filed in connection with their motion for summary judgment, it appears that the "full use and enjoyment of the land" of which they allege they will be deprived, is that sometime in the future the street, if opened, might provide parking *916 space for customers of a business house which might also at some future date be constructed on the appellees' property (now vacant lots.) Whether or not such use would be considered "reasonably or materially beneficial" to the appellees if the street were already opened and their business house already constructed need not be decided, since the situation as it now exists is not that hypothesized by appellees. Their reasoning is much too "iffy" to form the basis for the application of the rule above mentioned. The controverted strip provides access only to the property of the appellants, and no contention is made that it is either necessary or useful for ingress and egress to and from the appellees' property. We are unable, then, to glean from the entire record anything to justify a determination that the controverted strip is "reasonably or materially beneficial" to the appellees.
It is shown by the record that the conveyance to Sara's predecessor in title was made with reference to the dedicated street as a point of beginning of the description of Sara's parcel, and also as an additional description of the eastern boundary of the parcel. Assuming that this is sufficient to give to the appellee Sara a "private" right of easement, as distinguished from the "public" right based on Phillips' dedication, see 17 Am. Jur., Easements, Sec. 46, page 957; 26 C.J.S., Dedication, § 51, page 137, it does not necessarily follow that such private right extended to the entire strip as dedicated by Phillips. The implied easement resulting from a conveyance as bounding on a street, like that implied from a conveyance with reference to a map or plat, is based on the principles of estoppel; and there would appear to be no reason to extend the implied easement to any portion of the street beyond that which is reasonably or materially beneficial to the grantee in either case.
The rights of the appellees must, then, be determined in accordance with the general rules relating to dedication of land for public purposes, without regard to the rules relating to "private" rights of easement.
As heretofore noted, the strip of land in controversy was dedicated for street purposes by Phillips. In order to work a complete dedication, however, there must be acceptance of the dedication by or on behalf of the public. 16 Am.Jur., Dedication, Sec. 31, page 377; City of Miami v. Florida East Coast Ry. Co., 79 Fla. 539, 84 So. 726. Neither the public nor any governmental unit has accepted Phillips' offer of dedication. In fact, both the City and County have disclaimed any interest in the controverted strip as a public street. It would appear, then, that no public rights have as yet attached to such strip; and this court has indicated that the grantee of a dedicator may, prior to acceptance of the dedication, revoke the proffered dedication. See City of Miami v. Florida East Coast Ry. Co., supra. An attempt to revoke the dedication has been made by the appellants, by an instrument entitled "Revocation of Offer and Attempt to Dedicate" executed by them and filed of record on May 19, 1951.
But regardless of whether the rights of the public to have access to the controverted strip still exist, which we do not decide, so that an action might have been maintained by the proper public authorities, the appellees have failed to make a sufficient showing to authorize them, as individuals, to maintain such action.
This court is committed to the rule that an action by an individual to enforce his right to use a public street must be based on a special and particular injury, differing not only in degree but also in kind, from that sustained by the community at large. Robbins v. White, 52 Fla. 613, 42 So. 841; Bozeman v. City of St. Petersburg, 74 Fla. 336, 76 So. 894; Garnett v. Jacksonville, etc., R.R. Co., 20 Fla. 889; Jacksonville, etc., Ry. Co. v. Thompson, 34 Fla. 346, 16 So. 282, 26 L.R.A. 410. No such showing has been alleged, nor is there anything in the record which shows a special or particular injury to the appellees. It may be conceded that the obstruction of a portion of a street adjoining property would be a *917 "special and particular" injury to such property, but that is not the case here. That portion of the dedicated strip adjoining the property of Sara is not claimed by the appellants, and is not here in controversy. The controverted strip would provide access only to the property owned by appellants; and the appellees' right to travel this portion of the street is certainly no different, either in kind or in degree, from that of the other members of the public.
It was, therefore, error to enter summary final decree in favor of the appellees, and the decree should be and it is hereby reversed and the cause remanded for further proceedings consistent herewith.
SEBRING, C.J., THOMAS, J., and FABISINSKI, Associate Justice, concur.