81 So.2d 554 (1955)
W.M. O'DELL and James M. O'Dell, Appellants,
v.
Spencer WALSH, Appellee.
Supreme Court of Florida. Division B.
June 24, 1955.
Carroll W. Fussell, Bushnell, for appellants.
P.B. Howell, Bushnell, for appellee.
THOMAS, Justice.
The appellants pose three questions but we think it will be necessary to answer only one of them because it constitutes a challenge of the right of the appellee to bring the suit  a challenge which we think must be sustained.
The appellee sought an injunction against the obstruction by the appellants of a certain public road, and a mandatory writ requiring them to remove the barricade they had placed across it. He described himself as a citizen and resident of Sumter County, and alleged that he had been employed by a lumber company to cut trees and deliver them to the company's mill. In carrying out the undertaking it was necessary, so appellee alleged, for him to use the road the appellants had blocked.
The chancellor found that the question whether or not the appellee was qualified by interest to bring the suit was not presented *555 to him, although he had the view that the appellee had "a special and valuable interest at stake in keeping the road open."
We agree with the appellants in their contention that an issue relative to appellee's right to sue was formed by the portions of their answers containing averments that there had been a failure to state a cause of action entitling the appellee to any relief; that the appellee owned no land bordered by the road involved and did not live on the road; and that an adequate, practical and better way was available to him for use in hauling his logs "therefore plaintiff [appellee] is an improper plaintiff and has no right to maintain this suit." (Italics supplied.)
The appellee testified that he lived in another county, had not lived in the county of Sumter for seven years, and had never lived on the road in question. He admitted he could "take the other end" of the road which was the same type as the road in dispute. He was asked: "As a matter of fact, would it be about the same distance to the hard road as the other way?" and he answered: "Yes I guess it would." He was then asked: "Would that [the other road] be available to you at all times?" and he answered: "Yes it has been available." Later, in reply to a question whether or not he owned property facing the road, he said: "No, I don't own any real estate on it, I just think it ought to be open, that's the road I have been using all this time."
This court long ago adopted the rule that an individual cannot found a suit on the obstruction of a public street unless he has "suffered some special damage, differing not only in degree, but in kind, from the damages sustained by the community at large." Jacksonville, T. & K.W. Ry. Co. v. Thompson, 1894, 34 Fla. 346, 16 So. 282, 283, 26 L.R.A. 410. This was an action for damages, but the same principle was declared in a suit in chancery for injunction to prevent the closing of a street. Robbins v. White, 52 Fla. 613, 42 So. 841, 844. In that case this court said that "[a]n individual cannot enjoin the obstruction of a public street unless some special damage to his property or injury to him, differing not only in degree, but in kind, from the damage sustained by the community at large, is threatened." The same rule was recognized and reiterated in Henry L. Doherty & Co., Inc., v. Joachim, 146 Fla. 50, 200 So. 238, and Brooks-Garrison Hotel Corp. v. Sara Inv. Co., Fla. 1953, 61 So.2d 913. So, for more than half a century that has been the law in Florida.
It is impossible to see how the appellee can prevail in the face of the established law. He was not a citizen of the county; he owned no property on the road; another road was equally accessible. In these circumstances he patently had no standing as a litigant seeking either a preventive or coercive writ.
The decree is reversed with directions to dismiss the complaint.
Reversed.
DREW, C.J., and HOBSON and THORNAL, JJ., concur.