PER CURIAM.
In the Court below the plaintiff sought by injunctive relief to assert her right to a private easement in a platted five foot walk shown on an undeveloped subdivision platted of record during the land boom of the 1920’s. Both parties took cognizance of the holding in Powers v. Scobie, Fla., 60 So.2d 738, 740, where the Supreme Court of Florida said:
“It is our view that the ‘intermediate’ view, referred to either as the ‘beneficial’ or as the ‘complete enjoyment’ rule, by the annotator in 7 A. L.R.2d at page 633, should be adopted in this jurisdiction. This rule is ‘that the extent of the grantee’s private right of user in streets and alleys shown on a map or plat by reference to which his conveyance was made is limited to such streets and alleys as are reasonably and materially beneficial to the *197 grantee and of which the deprivation would reduce the value of his lot.’ 7 A.L.R.2d, Sec. 7, page 633. Adoption of this rule means, in effect, that each case must be determined on its own facts, but that, of course, the complaining party must to prevail show damage or detriment to his property.”
The Chancellor below heard extensive evidence of the parties on the factual question of the plaintiff’s right of private easement in the platted walk under the quoted rule. On the basis of such evidence he found for the defendant and denied the injunctive relief sought. On the basis of the record we cannot say that he was in error in so holding. The decree appealed ■ from is therefore
Affirmed.
KANNER, C. J., SHANNON, J., and PATTERSON, TERRY B., A. J., concur.