ALLEN, Chief Judge.
The appellants appeal from an order denying their motion to dismiss the amended counter-claim of. the appellees.
The City of Hollywood brought an action against the appellants, the appellees, and others, for a declaratory judgment to determine the rights of the public to use certain streets, Broadwalk and other rights of way in a thirteen block subdivision bounded on the east by the Atlantic Ocean and on the west by the Florida Coast Line Canal. The appellees, M. W. Samuels and Eve Samuels, his wife, filed an amended cross-complaint against the appellants and others in which they allege that they are the holders of a second mortgage on two lots (1 and 2 of block 8) in the subdivision; and that certain encroachments maintained by the appellants on the- streets and area shown as “Broadwalk” are adversely affecting appellees’ security interest.
The appellants are the fee owners of improved properties and the appellees are the second mortgage holders on one of the properties in the subdivision.
One of the exhibits shows thirteen blocks with each block having thirty lots, with the exception of block 1, which has thirty-one lots. There are shown thirteen streets designated by name, connecting Ocean Drive and Broád Walk, the eastern boundary of the subdivision. The two lots on which the appellees hold a second mortgage are located approximately in the center of this area.
The obstructions complained of by the appellees consist of sod, palm trees, shuffleboard courts, and a seawall on the area shown as Broadwalk. The appellees claim that unless the public has the use and access to the Broadwalk and beach in this subdivision through the use of all the streets, that their security interest as second mortgagees will be adversely affected. The cross-complaint seeks as relief that the streets on the plats of the subdivision to the Broadwalk be declared available to the public, and that the cross-defendants be enjoined from interfering with the use by the public of this area.
The prayers of the amended cross-complaint asked for a decree that the streets shown on the plats of the subdivision to the Broadwalk be declared available to the members of the public, that cross-defendants be enjoined from attempting to alienate any part of the area designated as Broadwalk *735 or the streets or interfering with the use by the public, and for a mandatory injunction.
The appellees, in their amended counterclaim, allege the right of the public to all the streets in the subdivision and they assert a private right of their own to the use of all the streets as necessary for the security of their second mortgage.
The various appellants are alleged individually to have encroached upon the rights of the appellees in various parts of the subdivision but appellees do not contend that appellants have interfered with their individual right of ingress and egress from the lots upon which the appellees hold a mortgage.
In the case of Brooks-Garison Hotel Corp. v. Sara Inv. Co., Fla.1952, 61 So.2d 913, 915, our Supreme Court held that an action by an individual to enforce private right to use public street must be based on a special and particular injury, differing in kind, as well as degree, from that sustained by the community at large. This case was a suit in equity to cancel of record a city’s and county’s disclaimer and quitclaim deeds to defendants of a strip of land dedicated as a public street and conveyed by the dedicator to the city. From a summary final decree for the complainants, defendants appealed. The Court held that the complainants failed to make a sufficient showing to support their claim to use of the entire dedicated strip or to authorize them, as individuals, to maintain the action.
The Court, in its opinion, through Justice Roberts, said:
“The appellees bottom their claim to the right to use that portion of the dedicated strip upon which their premises do not abut, which is the controverted strip, upon the dedication instruments filed by Phillips. It is alleged in their complaint that ‘Plaintiffs purchased the land in the Phillips tract aforesaid relying on the dedications of the street and alleys so made by Phillips, and in good faith invested money therein with the just expectation that the dedicated street and alleys would continue in existence. * * * And plaintiffs will be deprived of the full ttse and enjoyment of the land so owned by each, respectively, unless the claims of defendants are cancelled, the cloud resulting therefrom removed, and the rights of Plaintiffs to continued existence of the street established, quieted and confirmed.’
i}c ‡ ‡ J{s i{t ‡
“But even if such rule were here applicable, the showing made by appellees is insufficient to support a claim to the use of the entire dedicated strip. This court has heretofore adopted the so-called ‘intermediate’ rule as to the extent of a grantee’s private right of user in streets and alleys shown on a map or plat by reference to which his conveyance was made. Powers v. Scobie, Fla., 60 So.2d 738. Under this rule, the grantee’s private right of user extends only to those streets and alleys shown on the plat as are reasonably or materially beneficial to the grantee and of which the deprivation would reduce the value of his lot. In the instant case, the appellees alleged only that they ‘will be deprived of the full use and enjoyment of the land so owned by each, respectively, unless the claims of defendants are cancelled * *
% 5¡í ifc ❖ # #
“But regardless of whether the rights of the public to have access to the controverted strip still exist, which we do not decide, so that an action might have been maintained by the proper public authorities, the appellees have failed to make a sufficient showing to authorize them, as individuals, to maintain such action.
“This court is committed to the rule that an action by an individual to enforce his right to use a public street must be based on a special and particular injury, differing not only in *736 degree but also in kind, from that sustained by the community at large. [Citations omitted] No such showing has been alleged, nor is there anything in the record which shows a special or particular injury to the appellees. It may be conceded that the obstruction of a portion of a street adjoining property would be a ‘special and particular’ injury to such property, but that is not the case here. That portion of the dedicated strip adjoining the property of Sara is not claimed by the appellants, and is not here in controversy. The controverted strip would provide access only to the property owned by appellants; and the appellees’ right to travel this portion of the street is certainly no different, either in kind or in degree, from that of the other members of the public.”
In Powers v. Scobie, Fla.1952, 60 So.2d 738, 740, the Florida Supreme Court, in its opinion, said:
“It is our view that the ‘intermediate’ view, referred to either as the ‘beneficial’ or as the ‘complete enjoyment’ rule, by the annotator in 7 A.L.R.2d at page 633, should be adopted in this jurisdiction. This rule is ‘that the extent of the grantee’s private right of user in streets and alleys shown on a map or plat by reference to which his conveyance was made is limited to such streets and alleys as are reasonably and materially beneficial to the grantee and of which the deprivation would reduce the value of his lot.’ 7 A.L.R.2d, Sec. 7, page 633. Adoption of this rule means, in effect, that each case must be determined on its own facts, but that, of course, the complaining party must to prevail show damage or detriment to his property.”
It was similarly held in O’Dell et al. v. Walsh, Fla.1955, 81 So.2d 554, 555, that an individual cannot found a suit on the obstruction of a public street unless he has “suffered some special damage, differing not only in degree, but in kind, from the damages sustained by the community at large.” The Court also observed that this rule has been recognized and reiterated in Florida for more than half a century. This principle was again stated and followed in Wedner v. Escambia Chemical Corporation, Fla.App.1958, 102 So.2d 631.
The interest of the appellees that are second mortgagees could be no greater than the interest of the owners of the property. It is apparent that the owners of the property under the rule above announced did not have a private right to have all the streets of the subdivision, regardless of how far remote from their property, kept free of obstructions. This right would only be protected by the public authorities which, incidentally, was a function of the original declaratory complaint in this case.
The amended cross-complaint (appellants’ appendix 1-11) alleges that the security interest of the cross-complainants consists of an apartment house on lots 1 and 2 of block 8, which necessarily depends upon the tourist trade for income and unless members of the public have unrestricted use and access to the Broadwalk and public beach in the Atlantic Shores, North Beach Section, through use of the streets, designated on Plaintiff’s Exhibits A, B, and C, that the attraction of the area will be greatly reduced, development greatly impeded and tourist attraction greatly impaired, all of which would adversely affect the security interest of the cross-complainants as substantial mortgagees of Lots 1 and 2, Block 8, Atlantic Shores, North Beach Section.
We do not find sufficient facts from which a legal right exists in this case for the amended complaint to show a cause of action.
We must reverse the order of the lower court denying the cross-appellees’ motion to dismiss the amended counter-claim.
Reversed.
SHANNON, J., and PATTEN, GEORGE L., Associate Judge, concur.