McCAULEY, Associate Judge.
This is an Appeal from a Final Judgment permanently enjoining the obstruction and deprivation of use of the South 328.7 feet of Marker Street lying north of State Road 436, Altamonte Springs, Florida, by the Appellants.
The Circuit Judge, following prevailing case law, made sufficient findings of fact supported properly by the record, and I would affirm that Final Judgment.
*539 The City Council of Altamonte Springs correctly passed its Ordinance No. 232-73 on July 10,1973, closing, vacating and abandoning the said portion of Marker Street (a/k/a Market Street) thereby vesting title in Appellants, due to their prior ownership of adjacent platted lots to the entire 40 foot right-of-way running between lots 16 and 17, and a 20 foot right-of-way (to road center line) running along and adjacent to lots 28 through 31. Appellants thereafter erected a fence running along the outer boundaries of that portion of the right-of-way which had vested in them upon the city’s vacation of the street. A reference map included in Appellee’s Brief, and received in evidence as Plaintiff’s Exhibit No. 1, is attached to this opinion for purpose of clarification.
Ownership of the lots by both parties is not in dispute. Both parties obtained title to the lots abutting the east and west sides of the vacated street by Deeds describing platted lots in a platted sub-division. Appellee acquired title in 1949 to the lots on the east side, and Appellant acquired title in 1971 to the lots on the west side. Examination of the record and the exhibits fully support the Circuit Judge’s finding:
“That the obstructions placed by the Defendants on the south 328.7 feet of said platted street lying north of State Road 436, if permitted to remain, would have deprived the Plaintiffs and their lessees, licensees, invitees, employees, agents, servants and invited guests of the use of their private road easement on and over the south 328.7 feet of said platted street lying north of State Road 436, which right of user in said platted street is reasonably and materially beneficial to the Plaintiffs, and the loss of the use thereof by the Plaintiffs and their lessees, licensees, invitees, employees, agents, servants and invited guests would materially reduce the market value of said platted lots by twenty percent (20%), to-wit: $19,000, and would materially reduce said platted lots rental value and use value, and therefore such obstruction of said platted street was unlawful, and Plaintiffs are entitled to a permanent injunction prohibiting and restraining said Defendants, their agents, servants and employees from obstructing said south 328.7 feet of said platted street lying north of State Road 436.”
Appellants suggest that Appellees and their assigns (particularly one tenant of Ap-pellee who runs a semi-truck operation) should use the ingress and egress provided by Leonard Street, the closest intersection on the south end of Marker Street. A careful observation of Plaintiff’s Composite Exhibit No. 11, and Plaintiff’s Exhibit No. 2 (an engineer’s survey of the southern intersection of Marker Street and Leonard Street) clearly sustains the finding of obstruction and deprivation of use of Marker Street by Appellees if ingress and egress to State Road 436 is denied Appellees by the method forced upon the Appellees by the Appellants. The Appellees are entitled to free and unobstructed ingress and egress by reason of the rights acquired at the time of purchase of the platted lots, Powers v. Scobie, 60 So.2d 738 (Fla.1952):
“It is our view that the ‘intermediate’ view, referred to either as the ‘beneficial’ or as the ‘complete enjoyment’ rule, by the annotator in 7 A.L.R.2d at page 633, should be adopted in this jurisdiction. This rule is ‘that the extent of the grantee’s private right of user in streets and alleys shown on a map or plat by reference to which his conveyance was made is limited to such streets and alleys as are reasonably and materially beneficial to the grantee and of which the deprivation would reduce the value of his lot.’ 7 A.L.R.2d, Sec. 7, page 633. Adoption of this rule means, in effect, that each case must be determined on its own facts, but that, of course, the complaining party must to prevail show damage or detriment to his property.” Id. at 740.
The loss of market value is undisputed in the testimony by the two real estate appraisers. Appellees’ witnesses, Mr. White, who testified that the value of Appellees’ *541 loss would be 30%, and Mr. Condiff, who testified the value would be $19,000 less. Furthermore, the City of Altamonte Springs’ Engineer, Mr. G. Frimmel, confirms in his testimony that it is not possible for large trucks to make a legal turn from Leonard Street into Marker Street, and vice versa. Again, Composite Exhibit No. 11 illustrates the problem.

*540

*541 The proposition contended by the Appellants that the damage suffered by the Appellees does not differ in kind from that suffered by the public at large and other nearby property owners, as a result of the closing of the road, is not supported by the evidence, and the finding by the Circuit Court must be supported, and the opinion of the Appellate Court should not be substituted on this Doint.
One of the tenant occupants of Ap-pellees’ lots is a heavy equipment repair operation with need to tow large equipment on Marker Street. Inability to properly turn into Leonard Street shows that, indeed, said tenants, and therefore Appellees’ damages do differ in kind from that of the general public.
Further, testimony by another tenant, Tope Brothers Fruit Company, indicates that the said tenant will suffer damages not in kind by other users by “greater use in gas by driving almost a mile extra ‘each time ingress or egress through Marker Street, as opposed to State Road 436, is necessary’ ”. . _
The Court recognizes that both the “complete enjoyment” rule, as enumerated in Powers v. Scobie case must be complemented by the proposition that a special injury, differing not only in degree, but also in kind, from the damage sustained by the community at large, must be shown. O’Dell et al. v. Walsh, 81 So.2d 554, 555 (Fla.1955); Brooks-Garison Hotel Corp. v. Sara Inv. Co., 61 So.2d 913, 915 (Fla.1952). The application of the “complete enjoyment rule” in no way diminishes this requirement. Dan Dee Corp. v. Samuels, 124 So.2d 733 (2nd D.C.A.Fla.1960), in fact, the Supreme Court in Brooks-Garison Hotel Corp., supra, after specifically discussing the “complete enjoyment” rule, went on to hold:
This court is committed to the rule that an action by an individual to enforce his right to use a public street must be based on a special and particular injury, differing not only in degree but also in kind, from that sustained by the community at large . . . ” Id. at 916.
However, considering all the applicable legal standards in light of the uncontrovert-ed evidence and clear findings of the Circuit Court, the Court finds no basis for reversal and hereby affirms the decision of the Circuit Court.
WALDEN and DOWNEY, JJ., concur.