532 So.2d 703 (1988)
Thomas M. ENOS, et ux., Appellants,
v.
CASEY MOUNTAIN, INC., etc., et al., Appellees.
No. 87-1107.
District Court of Appeal of Florida, Fifth District.
September 1, 1988.
*704 William N. Asma and Lynn Walker Wright, of Hadley & Asma, Winter Garden, for appellants.
Harlan Tuck, of Giles, Hedrick & Robinson, P.A., Orlando, for appellees.
PER CURIAM.
Thomas Enos and his wife appeal from a final judgment denying their claim for an easement over a specific platted fifteen-foot "Munger Right-of-Way," but granting them a license for access to their property through Casey Mountain, Inc.'s property. We affirm in part and reverse in part.
The Enoses' property lies between the Disney World Lake Buena Vista complex and the Grand Cypress complex. They bought their property in 1966, before the existence of either development. The title describes their property as follows:
The South 2 (2 Acres) of Lot 86 of Section 21, Township 24 South, Range 28 East, according to Munger Land Company's Subdivision as per plat filed and recorded among the Public records of Orange County, Florida.
The trial court found that the platted Munger Right-of-Way "traverses the South 15 feet of Lots 87 and 88, and the Easterly 15 feet of Lots 88, 73, 56 and 41 of the Munger Plat of Section 21, Township 24 South, Range 28 East, to a point where State Road 535, a paved public road, intersects the east line of Lot 41." The Munger Subdivision Plat was recorded on November 30, 1912 and the Enoses' deed specifically made reference to said subdivision and plat.
The trial court also found that the Enoses purchased their property in reliance on the fifteen-foot Munger Right-of-Way for ingress and egress. However, the Munger subdivision was never developed or surveyed; and no streets were ever built. The record shows that the Enoses and their predecessors in title used a dirt roadway which they assumed was the platted right-of-way, but which actually ran adjacent to the Munger Right-of-Way, approximately ten feet south and east of the platted road, intersecting it at one point on the east-west leg. The east-west leg of the dirt road is actually on Disney property, and the north-south leg is on the Grand Cypress property.
Casey Mountain constructed the Grand Cypress resort complex on its property. It consists of a 750-room hotel, extensive *705 recreational facilities, and supporting amenities. The four lane entrance drive, which opens onto State Road 535, curves across the property and intersects the north-south leg of the dirt roadway the Enoses had formerly used. Casey Mountain currently permits the Enoses to enter and exit over its four lane entrance road to a point where they can turn southward off that road and travel along the dirt roadway they formerly used. After traveling south a short distance, they reach the dirt road which actually crosses Disney property and can proceed westward to their property. (See drawing.)
The Enoses filed suit to establish their right to use the specific Munger Right-of-Way, as platted, and they sought an injunction prohibiting Casey Mountain from interfering with their use and enjoyment of the easement, and damages. At this point, the platted easement traverses parking areas, landscaping, recreation facilities, and a conference center. (See drawing.) The complaint was filed in response to claimed harassment and restricted access by Casey Mountain security personnel. In order to obtain access to State Road 535, the Enoses and their guests must pass through the Grand Cypress security gate and guards. In its answer Casey Mountain counterclaimed for relocation of the easement to coincide with the four lane entrance drive.
The trial court held that the platted Munger Right-of-Way was barred by adverse possession and had been extinguished by abandonment and non user. The court denied the Enoses' claim for a declaration that they have a right to use and enjoy the specific platted Munger Right-of-Way, but noted that they have been afforded access to their property by way of Casey Mountain's construction of the new entrance road to State Road 535. However, the court held that the Enoses and their guests must use reasonable care to comply with Casey Mountain's rules for ingress and egress.
Florida law provides that an owner of a lot who purchases the property in reliance on a plat showing streets running through the subdivision, acquires a private implied easement over such streets shown in the plat which reasonably benefit the owner's land. Powers v. Scobie, 60 So.2d 738 (Fla. 1952). See Childs v. Weissman, 432 So.2d 604 (Fla. 3d DCA, appeal dismissed, 441 So.2d 633 (Fla. 1983) (a private easement is implied when property is sold with reference to a plat showing streets and alleys subject to use and enjoyment by the purchaser and any reversionary interest in the alley is subject to an easement in favor of the purchaser). See also Walkup v. Becker, 161 So.2d 893 (Fla. 1st DCA 1964); Cartish v. Soper, 157 So.2d 150 (Fla. 2d DCA 1963). The issue in this case is whether the easement acquired by virtue of the plat was extinguished by abandonment, non-user or adverse possession. Bonifay v. Garner, 445 So.2d 597 (Fla. 1st DCA 1984), held that some litigants may have acquired an implied easement of access to certain waterfront property because of the deed reference to a subdivision map, but also recognized the possible later extinction of that implied easement by adverse possession, abandonment, estoppel or some other doctrine.

ABANDONMENT OR NON-USER
In order to prove abandonment of an easement, the servient owner (Casey Mountain) must show conduct by the dominant owner (the Enoses) outwardly manifesting an intent to no longer use the easement, or conduct inconsistent with the continuance of the easement. 1A R. Boyer, Florida Real Estate Transactions s. 23.07(2) (1987). In this case, there was no showing that the Enoses ever intended to abandon the Munger Right-of-Way. In fact the testimony demonstrated that they purchased their property in reliance on the existence of the Munger Right-of-Way for ingress and egress and that they consistently used a roadway which they mistakenly thought fell within the platted easement.

ADVERSE POSSESSION
Florida case law has held that adverse possession for seven years by the servient owner extinguishes an easement. Mumaw v. Roberson, 60 So.2d 741 (Fla. *706 1952). In order to prevail the servient owner must show that he continuously excluded or prevented use by the dominant owner for seven years. Mumaw. In contrast, the record in the instant case shows that Casey Mountain continuously permitted the Enoses to traverse the property even during the construction of the hotel up until the present time.
Nonetheless, the trial court correctly concluded that the Enoses do not have a right to use and enjoy the specific fifteen-foot Munger Right-of-Way shown on the plat. The Enoses never used the specific Munger Right-of-Way. To now establish this platted roadway would be inequitable, given the development of the Grand Cypress property.
In Powers v. Scobie, 60 So.2d 738 (Fla. 1952), the Florida Supreme Court held that the extent of an easement by implication in a street arising from a conveyance making reference to a plat is determined in a "case-by-case basis" according to the "intermediate" or "beneficial" rule.
It is our view that the `intermediate' view, referred to either as the `beneficial' or as the `complete enjoyment' rule, by the annotator in 7 A.L.R.2d at page 633, should be adopted in this jurisdiction. This rule is `that the extent of the grantee's private right of user in streets and alleys shown on a map or plat by reference to which his conveyance was made is limited to such streets and alleys as are reasonably and materially beneficial to the grantee and of which the deprivation would reduce the value of his lot.' 7 A.L.R.2d, Sec. 7, page 633. Adoption of this rule means, in effect, that each case must be determined on its own facts, but that, of course, the complaining party must to prevail show damage or detriment to his property.
Id. at 740.
In this case, one avenue of access was used by the Enoses. It is clear that they only claim an implied easement over this one platted roadway which gave them access to State Road 520. This easement materially and reasonably benefits their property and it clearly falls under the Powers "intermediate" or "beneficial" rule.
However, as in Powers, the servient owner (Casey Mountain) has built valuable improvements across the platted easement which will have to be removed or demolished in order to permit the implied easement to be established according to the plat. In Powers, the supreme court approved the trial court's redelineation of the easement to avoid such economic hardship on the servient owner, so long as the dominant owner was reasonably protected by being given a substitute implied easement which achieved an equivalent benefit for the dominant owner.
On remand the trial court shall resolve this case by applying the "intermediate" or "beneficial" rule. It should relocate and establish a substitute implied easement for the Enoses, their successors and assigns. It may coincide with the four lane entrance drive. However, the court shall provide that the Enoses' and their guests or invitees shall have reasonable access and right of passage over the substituted or redelineated implied easement at all times. No gates or security guards shall limit this easement (which shall "run with the land"). We also direct the lower court, on remand, to award damages to the Enoses for the appellee's interference with their implied easement, see Kostidakis v. Stracener, 411 So.2d 1020 (Fla. 5th DCA 1982), and an award of costs as part of the damage award, which were incurred by them to preserve their easement rights.
AFFIRM in part, REVERSED in part, REMAND.
SHARP, C.J., and DAUKSCH and ORFINGER, JJ., concur.
*707