ON MOTION FOR REHEARING
PER CURIAM.
Both parties have filed motions for rehearing. We deny appellants’ motion but we grant appellees’, and we withdraw our prior opinion.
The 1968 deed granting appellants an easement provides expressly for the conveyance of an easement “25 feet wide for ingress and egress over ... that part of Tract 119 lying north of State Road No. 450 and Tract 128.” Appellants sought adjudication of the exact location of the easement. The dispute arose because, in 1985, the appellees placed a large greenhouse across a portion of Tract 128. The final judgment appealed routes the easement in part across Tract 127. On rehearing, appellees contend that the opinion of this court confirming the right of the trial court to fix appellants’ easement but requiring that the easement be located over Tract 128 “fails to consider the fact that either swamp, marsh, or greenhouse occupy the entire width of Tract 128.”
The position taken by the appellees on rehearing differs from their position below. At trial, appellee, Austin, testified that he and his,partner were aware of the express easement in favor of appellants but that' they did not know where the easement was located and took no action to locate the easement prior to building the greenhouse. Specifically, Mr. Austin testified:
We were under the impression that Mr. Harrison had ample access on either side of the greenhouse. Mrs. Turner indicated he used to travel on the easterly *1299 side and there was an ample road prepared for him on that side and one on the west side of the greenhouse, (emphasis added).
Indeed, the only testimony in the record that access over Tract 128 east of the greenhouse would be unsuitable was that of the appellant. Appellees’ grantor testified at trial and denied that the easterly route was ever covered with water or that there were soft spots in the road. Apparently, the trial court made a view of the property but the record contains no record of what the view revealed. The motion for rehearing implies that the lower tribunal may have relocated the easement partially onto Tract 127 because the court found some hardship on the servient landowner were it confined to Tract 128.
The final judgment explains the trial court’s decision to locate the easement, but no such hardship was pleaded and nothing in the judgment addresses the reasons for its partial detour around the greenhouse over part of Tract 127. Because there may be equitable reasons that would justify moving the easement in part from Tract 128 to Tract 127, Powers v. Scobie, 60 So.2d 738 (Fla.1952); Enos v. Casey Mountain, Inc., 532 So.2d 703 (Fla. 5th DCA 1988), rev. denied, 542 So.2d 988 (Fla.1989), we conclude that it is appropriate to remand this cause to the trial court for specific findings on the equitable remedy it has fashioned.
We REVERSE the lower court and REMAND for proceedings consistent with this opinion.
W. SHARP, GOSHORN and GRIFFIN, JJ., concur.