SCHOONOVER, Chief Judge.
The appellants/cross-appellees, White Sands, Inc. (White Sands), and Association of Sarasota By The Sea Subdivision No. 1 (Association), challenge a final judgment which ordered the removal of two fences, extinguished an easement, and taxed costs jointly and severally against them. The appellee/cross-appellant, Sea Club V. Condominium Association, Inc. (Sea Club), challenges that part of the final judgment which created an alternative easement. We reverse that portion of the final judgment which extinguished the easement and created an alternative easement, but affirm in all other respects.
This dispute arose over an express easement and an agreement creating a separate private access road. The easement and private road are located in a Sarasota County subdivision named Sarasota By The Sea Subdivision No. 1. The private road is contiguous to, and the easement traverses, Sea Club's property. For several years the parties had been in disagreement concerning the use of the private road designated on the subdivision plat and the express easement claimed by White Sands. White Sands and the Association, which consists of all property owners in the subdivision, complained of the obstructions placed upon the easement by Sea Club. The appellants complained these obstructions interfered with White Sands’ access to its property, a *590 sandy beach area, and that Sea Club’s actions prevented the use of the easement.
Sea Club, also a member of the association by virtue of its ownership of property in the subdivision, commenced this litigation by filing a nuisance action against the appellants because of the construction of two fences which it claimed hindered use of the private road. White Sands and the Association filed a counterclaim seeking removal of obstructions placed upon the easement. At the conclusion of a nonjury trial, the trial court found that the two fences interfered with the appellee’s rights, did not serve a reasonable or useful purpose, and constituted a nuisance. The final judgment ordered the removal of the fences. The final judgment also extinguished the existing express easement and then created an alternative easement. Costs were imposed jointly and severally against both of the appellants. This timely appeal, and cross-appeal followed.
We find that there was sufficient, competent evidence to sustain the court’s finding that the fences constituted a nuisance and, accordingly, affirm that portion of the final judgment which orders the removal of the fences. We also find that the court did not err in imposing costs against the appellants.
The court erred, however, when it extinguished the express easement and created an alternative easement. The court properly, although not necessarily for the reasons expressed, found that White Sands was entitled to access to its property and that the fifteen foot easement had not been extinguished by the Marketable Record Title Act (MRTA), chapter 712, Florida Statutes (1987). Section 712.03(5) excepts recorded or unrecorded easements from ex-tinguishment if they are used. The record contains sufficient evidence of use to establish this exception, and accordingly, MRTA did not extinguish the easement.
After making a determination that the easement was not extinguished, the court relying on the holding in Enos v. Casey Mountain, Inc., 532 So.2d 703 (Fla. 5th DCA 1988), review denied, 542 So.2d 988 (Fla.1989), extinguished White Sands’ express, recorded easement and created an alternative easement that would not disturb extensive improvements constructed by Sea Club. The court erred by applying the principles set forth in Enos to relocate the easement. The Enos court utilized the “beneficial” or “intermediate” rule which is an equitable principle applied in situations involving implied easements from conveyances in reference to a plat. Enos; 1A R. Boyer, Florida Real Estate Transactions § 23.03(3). That principle does not apply to an express easement by grant. See Fields v. Nichols, 482 So.2d 410 (Fla. 5th DCA 1985). See also Florida Power Corp. v. Hicks, 156 So.2d 408 (Fla. 2d DCA 1963), cert. denied, 165 So.2d 177 (Fla.1964) (easements once granted and fixed are not subject to the whims of the dominant or ser-vient owners and can only be changed by the mutual consent of the parties).
We, accordingly, reverse that portion of the final judgment extinguishing the express easement and remand for the entry of a judgment consistent with this opinion.
Affirmed in part, reversed in part, and remanded.
DANAHY and LEHAN, JJ., concur.