591 So.2d 286 (1991)
WHITE SANDS, INC., Appellant,
v.
SEA CLUB V. CONDOMINIUM ASSOCIATION, INC., Appellee.
No. 91-01283.
District Court of Appeal of Florida, Second District.
December 6, 1991.
Rehearing Denied January 9, 1992.
*287 Daniel Joy, Joy, Gause, Genson & Moran, Sarasota, for appellant.
Steven H. Judd, Judd & Ulrich, P.A., Sarasota, for appellant.
THREADGILL, Judge.
White Sands, Inc. appeals an amended final judgment rendered pursuant to this court's mandate in White Sands, Inc. v. Sea Club V. Condominium Association, Inc., 581 So.2d 589 (Fla. 2d DCA 1990). We affirm the amended final judgment, but remand for further proceedings to determine whether White Sands is entitled to an injunction.
We set forth the facts as they appear in White Sands I, 581 So.2d at 589. The dispute arose over an express easement and an agreement creating a separate private road. Sea Club sued White Sands for nuisance because of the construction of two fences interfering with its use of the private road. White Sands counterclaimed for an injunction seeking the removal of obstructions upon its express easement. At the conclusion of a nonjury trial, the court found for Sea Club as to nuisance and ordered the removal of the fences. The court denied White Sands' counterclaim for injunction and instead extinguished the express easement and created an alternative easement that would not disturb Sea Club's extensive improvements.
In White Sands I, White Sands challenged the extinguishment of its express easement, but not the denial of an injunction. We reversed the portion of the final judgment that extinguished the express easement on the ground that express easements by grant may be altered only by mutual consent. 581 So.2d at 590. Because White Sands did not raise the trial court's denial of its injunction on appeal, we did not have the opportunity to determine whether Sea Club's improvements interfered with White Sands' reasonable use of the express easement. We thus generally affirmed the remaining provisions of the final judgment, but remanded for reinstatement of the express easement. White Sands now contends that the trial court erred in denying its motion that an injunction for removal of obstructions be included in the amended final judgment.
We affirm the trial court's ruling denying White Sands' motion. A trial court lacks power to deviate from the terms of an appellate mandate absent permission from the appellate court to do otherwise. Mendelson v. Mendelson, 341 So.2d 811 (Fla. 2d DCA 1977). As our mandate affirmed the original final judgment *288 except as to the creation of an alternative easement, the trial court was without authority to include an injunction in the amended final judgment.
Nevertheless, we disagree with Sea Club that the law of the case precludes our review of White Sand's claim for an injunction on this appeal. An appellate court has inherent authority to reconsider and reverse a previous ruling that is law of the case. Strazzulla v. Hendrick, 177 So.2d 1 (Fla. 1965). The doctrine of the law of the case means that "questions of law decided on appeal to a court of ultimate resort must govern the case in the same court and the trial court, through all subsequent stages of the proceedings, and will seldom be reconsidered or reversed, even though they appear to have been erroneous." Id. at 3, quoting, McGregor v. Provident Trust Co. of Philadelphia, 119 Fla. 718, 162 So. 323 (1935).
Exceptions to the doctrine should be invoked only "in unusual circumstances and for the most cogent reasons  and always, of course, only where `manifest injustice' will result from a strict and rigid adherence to the rule." 177 So.2d at 4, quoting, Beverly Beach Properties v. Nelson, 68 So.2d 604 (Fla. 1953). We find that the circumstances of this case justify the exercise of our inherent jurisdiction to invoke an exception to the law of the case. First, we note that the trial court denied White Sands' counterclaim for an injunction, not on the merits but, because the claim was moot. Second, it would be manifestly unjust to revest White Sands with the express easement and then deny its claim for removal of obstructions for a second time without consideration of the merits.
The trial court found that indeed White Sands was entitled to access over the express easement, but that Sea Club's extensive and valuable improvements made it more equitable to extinguish the express easement and create an alternative easement. Thus, the trial court never reached the issue critical to the issuance of the injunction, whether Sea Club's improvements unreasonably interfered with White Sands' express easement. See Barasch v. Odio, 561 So.2d 1256 (Fla. 2d DCA 1990).
Because the trial court did not rule on the extent of Sea Club's interference with White Sands' easement, there was no opportunity to raise the issue in White Sands I. Although we make no determination as to the merits of White Sands' claim for injunction, we observe that if the claim is meritorious, without an injunction, White Sands will have been deprived of the full enjoyment of its easement.
Accordingly, we affirm the amended final judgment but remand for a determination of the claim for injunction.
Affirmed.
SCHOONOVER, C.J., and HALL, J., concur.