ANTOON, Judge.
This is an appeal from the trial court’s final judgment granting the appellees an implied easement over property owned by the appellants. We affirm.
The appellees, Ronald and Alyce Paquette and The Car Store of West Orange, Inc., sued appellants, Highland Construction, Inc., Highland Real Estate & Investment, Inc., Dale Ladd and Darrell Ladd, requesting that the trial court grant them an implied easement over property owned by the appellants. Specifically, an implied easement was requested over property known as Vickers Street. Vickers Street had been platted in 1927, but, in 1995, the city of Minneola voted to abandon Vickers Street at the urging of the appellants. Upon abandonment, ownership of the property reverted to the appellants. Following trial, the trial court granted the appellees an implied easement over Vick-ers Street. Appellants now challenge this ruling.
Florida has adopted the “beneficial” or “complete enjoyment rule” with regard to determining the existence of an implied easement. This rule provides that, when a grant of real property includes a reference to a plat, the grantee receives the right to all the streets in the plat that are beneficial to him and the deprivation of which would reduce the value of the property. Powers v. Scobie, 60 So.2d 738 (Fla.1952). Application of this rule requires that the determination of the existence of implied easements be made on a case-by-case basis. Moreover, when there is a showing that the grantee will suffer a particular injury, differing not only in degree but also in kind from that sustained by the community at large, he is entitled to receive an implied easement. Freeman v. McIntosh, 338 So.2d 538 (Fla. 4th DCA 1976).
*237 Here, the appellees satisfied both parts of the beneficial enjoyment rule. First, they established by stipulation that the deed by which they acquired their property referred to the 1927 plat reflecting Vickers Street. Second, the appellees presented evidence that, without the Vickers Street access to their property, they would sustain injury particular to them. In this regard, the ap-pellees established that they operate an automobile salvage business as well as a used car business on their property, and that the Vickers Street access was the only viable entrance to the property. Specifically, appel-lees presented evidence that the two other accesses to their property were not satisfactory because one had a weight limit and the other access would not accommodate the necessary turns of their trucks. Appellees also established that the loss of the Vickers Street access would eliminate their used car business display area.
In closing, we reject the appellants’ argument that the trial court erred in granting the appellees an implied easement because there exists another avenue of ingress and egress to their property. The existence or nonexistence of ingress and egress is relevant in an action for a statutory way of necessity pursuant to section 704.01(2), Florida Statutes (1995). See Perkins v. Anderson, 518 So.2d 1354 (Fla. 1st DCA 1988). However, as noted above, such information is not conclusive in determining whether a party is entitled to receive an implied easement.
AFFIRMED.
DAUKSCH and GOSHORN, JJ., concur.