PER CURIAM.
The appellant bases its claim to a vested right to intrude into the appellee’s easement on alleged adverse possession. Because we find, as a matter of law, that the record is insufficient to establish such a right, see Mumaw v. Roberson, 60 So.2d 741 (Fla.1952); Bentz v. McDaniel, 872 So.2d 978, 2004 WL 1058324 (Fla. 5th DCA May 7, 2004); Enos v. Casey Mountain, Inc., 532 So.2d 703 (Fla. 5th DCA 1988), review denied, 542 So.2d 988 (Fla.1989); Kitzinger v. Gulf Power Co., 432 So.2d 188 (Fla. 1st DCA 1983), and that any such right, even if it existed, was abandoned by the passage of more than two decades since it was last exercised, see Kitzinger, 432 So.2d at 188, we approve the judgment below in favor of the appellee easement holder. See also Hale v. Miracle Enters. Corp., 517 So.2d 102 (Fla. 3d DCA 1987).
Affirmed.