# DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
## FOURTH DISTRICT

**ACADEMY FOR POSITIVE LEARNING, INC.,** a Florida not-for-profit corporation, **PALM BEACH MARITIME MUSEUM, INC.,** a Florida not-for-profit corporation, d/b/a **PALM BEACH MARITIME ACADEMY, MARLENY OLIVO,** an individual, and **PEDRO OLIVO,** an individual,
Appellants,

v.

**SCHOOL BOARD OF PALM BEACH COUNTY, FLORIDA** and **G-STAR SCHOOL OF THE ARTS, INC.,** a Florida not-for-profit corporation,
Appellees.

No. 4D19-2816

[April 21, 2021]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Glenn D. Kelley, Judge; L.T. Case No. 50-2019-CA-000405-XXXX-MB.

Shawn A. Arnold and Braxton A. Padgett of The Arnold Law Firm, LLC, Jacksonville, for appellants.

Jon L. Mills of Boies Schiller Flexner LLP, Miami, and Stuart A. Singer and Sabria A. McElroy of Boies Schiller Flexner LLP, Fort Lauderdale, for appellee, School Board of Palm Beach County.

### *ON MOTION FOR REHEARING*

PER CURIAM.

*Denied.*

LEVINE, C.J., DAMOORGIAN, CONNER, FORST, KLINGENSMITH, KUNTZ, and ARTAU, JJ., concur.
CIKLIN, J., dissents with opinion, in which WARNER, GROSS, and MAY, JJ., concur.
GERBER, J., recused after supplemental briefing.

CIKLIN, J., dissenting from denial of rehearing.

I dissent from the majority's denial of the motion for rehearing in this matter for one primary reason: the refusal of the majority to recognize a controlling opinion from the Florida Supreme Court released the day after our issuance of the instant en banc opinion.

Directly on point, *Emerson v. Hillsborough County*, So. 3d, 2021 WL 732664, 46 Fla. L. Weekly S45 (Fla. Feb. 25, 2021), renders our majority opinion, as it relates to severability, flat-out erroneous. In a case arising out of Hillsborough County dealing with a voter-approved extra one percent sales tax for local transportation, the Florida Supreme Court declared the Hillsborough County referendum to be dead in its tracks because the referendum included a provision establishing an unlawful oversight board to distribute the money collected. The provision for the oversight board conflicted with an existing statute conferring such distribution authority to the county commission.

Most importantly, and apparently on all fours with the issue before us, the Florida Supreme Court held in part that the one percent tax could not be severed from the illegal provision implementing an oversight board, because the valid and invalid elements of the referendum were so inseparable that the court could not assume the voters would have approved the tax without the unlawful proviso:

> Article 11 manifests a dual purpose to impose a surtax and to require that the proceeds of the surtax be distributed and used in accordance with the elaborate and detailed scheme established in the article. One element of that dual purpose cannot reasonably be divorced from the other. The unconstitutional provisions of article 11 therefore are not merely ancillary to the surtax but are integral to the overall purpose of the surtax initiative. The tax and the distribution scheme form an interlocking plan. They are functionally dependent. The purpose of the voters in levying a tax that is designed to be distributed and used in a specified manner— with elaborate provisions to implement and enforce that design—is thwarted if the tax is levied but the provisions approved by the voters governing the distribution and use of the tax are set aside. The voters supported taxing with controls on spending the proceeds of the tax. They should not be saddled with the taxing without having the benefit of the controls. Given the functional dependence of the valid and

the invalid provisions, the "taint of [the] illegal provision[s] has infected the entire enactment." So the whole of article 11 is invalid.

*Id.* at *7 (citation omitted).

Likewise, in this case, the purpose of the voters in levying a tax that is designed to be distributed and used in a specified manner—here, for the benefit of noncharter public schools—is thwarted if the tax is levied but the provisions approved by the voters governing the distribution and use of the tax are set aside. Thus, under *Emerson,* the instant referendum's exclusion of charter schools from the tax revenues is not severable. The majority's contention that "the parties' agreement as to severability" is controlling borders on farcical.

As in *Emerson,* "the intent of the electorate" must be the underlying polestar in any analysis concerning severability. In this case, the agreement by the School Board and the charter schools to "sever and strike the 'non-charter' limitation from the 2018 referendum" is a nullity because it ignores the cardinal principles of severance as *Emerson* reminds us: "The purpose of the voters in levying a tax that is designed to be distributed and used in a specified manner . . . is thwarted if the tax is levied but the provisions approved by the voters governing the distribution and use of the tax are set aside." *Id.*

While it is true that the instant pending motion for rehearing did not address the issue of severability, that is of no consequence because we are expected to get it right. *See* Fla. R. App. P. 9.330(e) ("The rule is not meant to limit the court's inherent authority to reconsider nonfinal appellate orders and decisions."). Also, rule 9.331(d)(1) provides: "A rehearing en banc may be ordered by a district court of appeal on its own motion or on motion of a party." In fact, appellate courts have the inherent power to reconsider an issue—even if it has become the law of the case. *White Sands, Inc. v. Sea Club V. Condo. Ass'n, Inc.,* 591 So. 2d 286, 288 (Fla. 2d DCA 1991) ("An appellate court has inherent authority to reconsider and reverse a previous ruling that is law of the case." (citing *Strazzulla v. Hendrick,* 177 So. 2d 1 (Fla. 1965))).

Thus, if this court may reconsider a ruling that has become the law of the case, then surely this court should reconsider a ruling where, as here, mandate has not yet issued and a recent Florida Supreme Court decision calls into question a key aspect of the ruling. Indeed, this court has both

the authority and the duty to sua sponte reconsider the severability issue in light of the Florida Supreme Court's recent precedent.

It would be one thing if the majority did not have the benefit of this newly released Florida Supreme Court case—but it does. And this decision is in our face and embarrassingly glaring. While it's plausible to simply permit this case to work its way through the system, we should all feel uneasy that the majority is not correcting its opinion or at the very least simply acknowledging the Hillsborough County case for historical reference.

By deciding to en banc this case (and strip away this Court's well-reasoned original 2-1 panel decision), the majority has set in motion a potentially devastating set of events that will affect every student in Palm Beach County.

I would grant the motion for rehearing, discharge en banc consideration and revert our holding to the original panel decision.

WARNER, GROSS and MAY, JJ., concur.

* * *